LAND, Justice.
 

 Plaintiff alleges that he is'an employee of the International Harvester Company. That the International Plarvester Company leased a portion of a building and an elevator and a portion of the wharf from the defendant, the Board of Commissioners of the Port of New Orleans; that it was provided in the lease that the elevator and wharf would be maintained in a safe and proper condition by the defendant, the Board of Commissioners of the Port of New Orleans. Plaintiff further alleges that on the 14th day of June 1935, he was a tractor driver pulling two loaded trailers on the large elevator of the defendant, and that the elevator fell before the second trailer was completely on the elevator. When the elevator. fell, the tractor and trailers fell with it and plaintiff was seriously and permanently injured.
 

 It is further alleged that the wharf and elevator leased to the International Harvester Company, and under the supervision and control of the defendant, should have been properly supervised and maintained by the defendant in accordance with the terms of the lease, and defendant owed petitioner the duty of properly maintaining the elevator.
 

 Defendant Board of Commissioners of the Port of New Orleans, filed an exception of no cause or right of action, which was maintained in the district court, and this judgment on appeal was affirmed by the Court of Appeal for the Parish of Orleans, and plaintiff’s suit was dismissed at his costs.
 

 The case is now before the Supreme-Court on a writ of review herein granted.
 

 In our opinion, the judgment of the Court of Appeal is correct for the following reasons:
 

 If plaintiff had been an employee of the Dock Board, he may have sued that Board for compensation, since the compensation statute, Act 20 of 1914, as amended, so provides. Dourrieu v. Board of Commissioners of Port of New Orleans, La.App., 158 So. 581.
 

 But plaintiff is not an employee of the Dock Board. On the contrary, plaintiff
 
 *185
 
 is an employee of the International Harvester Company, which is liable to plaintiff, as its employee, for compensation for the injuries received by him under the Compensation Statute, Act 20 of 1914, as amended, and plaintiff has a direct cause or right of action against the International Harvester Company, his employer, for compensation for injuries so received.
 

 It is also clear that, under its lease from the Dock Board, the International Harvester Company may sue the Dock Board for any damages resulting to that company, and arising from the unsafe and improper condition of the elevator included in the lease.
 

 But plaintiff is not a party to this lease, and there is no privity of contract between plaintiff and the Dock Board, upon which plaintiff may base a cause or right .of action against the Dock Board, for any breach of duty in its failure to maintain the elevator leased to the International Harvester Company in safe and proper condition.
 

 The facts stated and conclusions reached in this opinion are based solely upon the assumption that the allegations in the petition are true, for the purpose of disposing of the exception of no cause or right of action.
 

 For the reasons assigned, it is ordered that the judgment of the Court of Appeal for the Parish of Orleans be affirmed.
 

 O’NIELL, C. J., and HIGGINS, J., concur in the decree.
 

 FOURNET, J., absent.