Mrs. Leontine Ecuyer Miller, the widow of William R. Miller, brought this suit against the Board of Commissioners of the Port of New Orleans, hereinafter called the Dock Board, claiming $10,000, as damages because of the alleged negligent killing of her late husband, an employee of the Waterman Steamship Company, which had leased from the Dock Board certain docks, wharves and sheds. Miller is alleged to have been killed while attempting to lower a steel door or curtain at the entrance to shed No. 33 at the "Orange Street Wharf" because of defective apparatus connected with the steel door. It is alleged that the Dock Board, as operator and lessor, is liable to the employees of its lessee for such damages as may be occasioned by vices and defects in the leased property.
The Dock Board filed an exception of no cause of action. Subsequently, the Royal Indemnity Company, a New York corporation, as subrogee, intervened, repeating the charges of negligence set forth in plaintiff's petition, and, alleging that it is the insurance carrier of the Waterman Steamship Corporation, and, as such, had paid for account of its insured $2,062 as workman's compensation, and that pursuant to appropriate provisions of the Workman's Compensation Law, Act No. 20 of 1914, it was entitled to recover that amount out of any judgment which might be rendered in plaintiff's favor against the defendant. To this petition of intervention the defendant also filed an exception of no cause of action. An amended and supplemental petition was, thereafter, filed on behalf of plaintiff which, it was agreed, should be considered as part of the original petition, and in connection with the exception of no cause of action heretofore filed by defendant.
The exceptions of no cause of action were maintained and plaintiff's suit, as well as the intervention of the Royal Indemnity Company, dismissed, on November 3rd, 1939.
The learned judge, a quo, delayed his decision on the exceptions of no cause of action until the Supreme Court had disposed of a writ of review which it had granted in the case of Fouchaux v. Board of Commissioners of the Port of New Orleans, decided by us, and, in his reasons for judgment, declared that the Fouchaux case *Page 98 
was controlling. 186 So. 103, 106; Id., 193 La. 182, 190 So. 373.
The facts of the Fouchaux case were, in all important aspects, the same as those involved here. There we said:
"It is true that Act No. 14 of 1915 declares that the said Dock Board shall have and enjoy all of the rights, powers and immunities incident to corporations. But we do not think that this general reference to the powers and rights of the Dock Board includes the right to sue, or the obligation to submit to suit, since those rights and powers and obligations are usually required to be specially referred to. The immunity exists unless it is especially waived by the state, and the general grant of such powers as corporations usually exercise should not be construed as a waiver of this immunity. Even where the right to sue and the obligation to submit to suit are granted by statute, it is generally held that such grant includes suits on contract but does not contemplate actions for tort. See Orgeron v. Louisiana Power Light Company et al., 19 La.App. 628, 140 So. 282 * * *".
The learned and industrious counsel for plaintiff in this case recognizes that the doctrine of the Fouchaux case, as announced by us, is destructive of his client's case, but he vehemently contends that the reasons, as given by the Supreme Court, were not based upon the same grounds as those given by us, and furthermore, that our opinion is wrong because it unduly extended the doctrine of sovereign immunity, which has lately been weakened and restricted by decisions of the Supreme Court of the United States and of many State courts. Counsel has written an elaborate brief in support of his position.
In the Fouchaux case the plaintiff was an employee of the International Harvester Company, which had leased certain wharves from the Dock Board and the following quotation from the opinion by the Supreme Court in that case is cited in support of counsel's position:
"If plaintiff had been an employee of the Dock Board, he may have sued that Board for compensation, since the compensation statute, Act 20 of 1914, as amended, so provides. Dourrieu v. Board of Commissioners of Port of New Orleans, La.App.,158 So. 581.
"But plaintiff is not an employee of the Dock Board. On the contrary, plaintiff is an employee of the International Harvester Company, which is liable to plaintiff, as its employee, for compensation for the injuries received by him under the Compensation Statute, Act 20 of 1914, as amended, and plaintiff has a direct cause or right of action against the International Harvester Company, his employer, for compensation for injuries so received.
"It is also clear that, under its lease from the Dock Board, the International Harvester Company may sue the Dock Board for any damages resulting to that company, and arising from the unsafe and improper condition of the elevator included in the lease.
"But plaintiff is not a party to this lease, and there is no privity of contract between plaintiff and the Dock Board, upon which plaintiff may base a cause or right of action against the Dock Board, for any breach of duty in its failure to maintain the elevator leased to the International Harvester Company in safe and proper condition."
Opposing counsel takes issue with this interpretation of the holding of the Supreme Court, but we need not go into the matter because we know of no holding of the Supreme Court in that case or any other which conflicts with the views which we expressed in the Fouchaux case, and since we are not convinced that we were in error we are not prepared to retract what was there said.
It follows, therefore, that the judgment maintaining the exception of no cause of action must be affirmed. The intervention of the Royal Indemnity Company must be dismissed because the dismissal of plaintiff's suit carries with it the intervention. Erskine v. Gardiner, 162 La. 83, 110 So. 97.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed. *Page 99