McCALEB, Justice.
By virtue of the authority granted by Act 365 of 1946, plaintiff brought this suit to recover damages for personal injuries sustained by him as a result of the alleged negligence of the defendant, a State agency.[1] The defendant filed an exception of no right or cause of action to the petition in which it challenged the constitutionality of Act 365 of 1946, on the ground that the Legislature failed to comply with the requirements of Article 3, Section 35 of the. Constitution. The judge of the lower court sustained the exception and dismissed the suit. Wherefore this appeal.[2]
Section 35 of Article 3 of the Constitution of 1921, at the time Act 365 of 1946 became effective,[3] read as follows: “When *357 ever the Legislature shall authorize suit to be filed against the State, it shall provide a method of procedure and the effect of the judgments which may be rendered therein.”
Counsel for the Board of Commissioners asserts that Act 365 is vitally defective in that, in granting plaintiff authority to sue the Board for his injuries, it did not provide either a method of procedure or the effect of the judgment in the event of an adjudication in plaintiff’s favor.
An examination of the statute has been sufficient to satisfy us that the contention is not well founded. Section 1 of the Act authorizes the filing of a suit for the injuries received by plaintiff. Section 2 declares : “That, except as otherwise herein expressly provided, the procedure in said suit or suits shall be the same as in suits between private litigants.”
Manifestly, the foregoing expressly sets forth the method of procedure governing the prosecution of plaintiff’s claim. Indeed, counsel for the Board does not inform us of the respect in which the provision is purportedly inadequate.
Section 3 of the Act sets forth: “That nothing in this Act shall be construed as conferring on the said Douglas Foucheaux any different or greater claim or cause of action than he had before the passage of this Act, the purpose of this Act being merely to waive the State’s and the said Board of Commissioners’ immunity from suit insofar as the suit or suits hereby authorized are concerned.”
Counsel for the Board professes that the Act does not provide for the effect of the judgment which may be rendered in plaintiff’s favor. But it strikes us that Section 3 amply sets forth the effect of any judgment that might be obtained — for it declares that plaintiff is being conferred only a right to have the courts determine the liability vel non of the Board for his injuries and that he would have no greater claim than he had before the passage of the Act, the purpose being merely to waive the Board’s immunity from suit. Obviously, the only reason for the inclusion of Section 3 in the Act was to designate the effect of a judgment in plaintiff’s favor and it was provided by necessary implication, if not by words, that, should plaintiff obtain a judgment, it would be like all judgments against the State — that is, it would not be subject to execution, Carter v. State, 42 La.Ann. 927, 8 So. 836, and that a legislative Act, Article 4, Section 1 of the Constitution, or some other appropriation by the Board would have to be obtained for its satisfaction. It was not incumbent on the Legislature to state the effect of the judgment, exactly as we have stated it or in any other particular form, in order to fulfill the constitutional edict. It sufficed that the language employed was such that it evinced an intention to provide the effect of the judgment and that, when reasonably construed, it actually does so.
*359 This was the rationale of our decision in Lewis v. State, 207 La. 194, 20 So.2d 917, 922, where it was contended that, -because the venue of the action was not stated in the body of Act 273 of 1942, it was violative of the mandatory provisions of Section 35 of Article 3 of the Constitution. The court rejected this argument, holding that it was evident that the Legislature intended that the articles of the Code of Practice fixing the venue in tort actions would be applicable to the case. It was stated: “It is' inconceivable that in granting Miss Lewis the right to prosecute her action against the State the members of the Legislature intended to neutralize her right and to enact legislation that would be manifestly in contradiction of the constitutional provision and of no legal force or effect whatever. It is the duty of this Court, if it may do so consistently, to interpret a legislative act in a way that will uphold its constitutionality rather than to strike it with nullity. State ex rel. Varnado v. Louisiana Highway Commission, 177 La. 1, 147 So. 361.”
In support of his position that the Act in the instant case is unconstitutional, counsel for defendant relies on three decisions, namely, Lewis v. State, 196 La. 814, 200 So. 265; D’Asaro v. State, 204 La. 974, 16 So. 2d 538 and Martin v. State, 205 La. 1052, 18 So.2d 613. An examination of the Acts involved in those matters discloses that, in none of them, was there any attempt on the part of the Legislature to set forth either the mode of procedure or the effect of the judgments. Consequently, they are clearly distinguishable from the matter at hand.
. Other questions have been raised by counsel relative to another suit now pending between the same parties. However, the inquiry, when our appellate jurisdiction, Section 10, Article 7, is invoked solely on the ground that a law or ordinance has been declared unconstitutional, is limited to that specific issue. State ex rel. Chehardy v. New Orleans Parkway Commission, 215 La. 779, 41 So.2d 678 and authorities there cited.
The judgment appealed from is reversed and it is ordered that the cause be remanded to the district court for further proceedings consistent with the views herein expressed.

. It was held in a previous action brought by plaintiff, seo Fouchaux v. Board of Com’rs, La.App., 186 So. 103, affirmed in 193 La. 182, 190 So. 373, that the Board of Commissioners of the Port of New Orleans, being an agency of the State, was not amenable to suits in tort without consent of the Legislature.

. Defendant sought to have the appeal transferred to the Court of Appeal on the ground that this court is without jurisdiction ratione materiae because a resolution, rather than a law, has been held unconstitutional. The motion was denied. See Fouchaux v. Board of Com’rs of Port of New Orleans, 213 La. 803, 35 So.2d 738.

.It has since been amended by Act 385 of 1946, which was adopted on November 5th, 1946.