FOURNET, Chief Justice (dissenting).
I entertain serious doubt that the Legislature of 1946, in adopting its Act No. 365 waiving the defendant’s immunity from suit and authorizing the plaintiff to sue the Board of Commissioners of the Port of New Orleans, met the constitutional requirement to give validity to the Act; but conceding its constitutionality for the purpose of disposing of plaintiff’s appeal from a judgment of the lower court dismissing his suit on exceptions of no cause or no right of action, the question is necessarily posed: Does the petition set out a cause or right of action, in the face of the specific declaration in the Act that “nothing in this *361 Act shall be construed as conferring on the said Douglas Foucheaux any different or greater claim or cause of action than he had before the passage of this Act * * * ”, and the fact that the identical -cause alleged in this suit was dismissed on an exception of no cause or right of action filed by the defendant, see 193 La. .182, 190 So. 373 — not, as stated in a footnote in the majority opinion, because “ * * * the Board of Commissioners of the Port of New Orleans, being an agency of the State, was not amenable to suits in tort without consent of the Legislature”, but based solely upon the fact that the allegations of the petition, accepted as true, stated neither a cause nor a right of action?
While it is true ordinarily that where our appellate jurisdiction is invoked on the ground that a law or ordinance has been declared unconstitutional, we have limited our consideration to the question of constitutionality alone, such limitation is not jurisdictional. Certainly to remand this case when the cause of action has already been declared by us. to be without merit, and the act of the Legislature permitting suit against the defendant specifically confers no greater claim or cause of action than the plaintiff previously had, is a vain and useless procedure sanctioned neither by law nor by reason.
I therefore respectfully dissent.
MOISE, Justice (dissenting).
The law in every case must relate to the facts of the case and the facts of the case must be complete and comprehensive in its meaning by the law. The majority opinion, in the Footnote 1. on the first page states: “It was held in a previous action brought by plaintiff, see Fouchaux v. Board of Com’rs, La.App., 186 So. 103, affirmed in 193 La. 182, 190 So. 373, that the Board of Commissioners of the Port of New Orleans, being an agency of the State, was not amenable to suits in tort without consent of the Legislature.” This statement is correct insofar as to the grounds of dismissal of the exception of no right or cause of action by the Court of Appeal for the Parish of Orleans, but there is error in assuming that this Court affirmed the judgment on the exception on the grounds above stated. We quote our decision in full:
“Plaintiff alleges that he is an employee of the International Harvester Company. That the International Harvester Company leased a portion of a building and an elevator and a portion of the wharf from the defendant, the Board of Commissioners of the Port of New Orleans; that it was provided in the lease that the elevator and wharf would be maintained in a safe and proper condition by the defendant, the Board of Commissioners of the Port of New Orleans. Plaintiff further alleges that on the 14th day of June 1935, he was a tractor driver pulling two loaded trailers on the large elevator of the defendant, and that the elevator fell before the second trailer was completely on the elevator. When the elevator fell, the tractor and *363 trailers fell with it and plaintiff was seriously and permanently injured.
“It is further alleged that the wharf and elevator leased to the International Harvester Company, and under the supervision and control of the defendant, should have been properly supervised and maintained by the defendant in accordance with the terms of the lease, and defendant owed petitioner the duty of properly maintaining the elevator.
“Defendant Board of Commissioners of the Port of New Orleans', filed an exception of no cause or right of action, which was maintained • in the district court, and this judgment on appeal was affirmed by the Court of Appeal for the Parish of Orleans, and plaintiff’s suit was dismissed at his costs.
“The case is now before the Supreme Court on a writ of review herein granted.
“In our opinion, the judgment of the Court of Appeal is correct for the following reasons: •
“If plaintiff, had been an employee of the Dock Board, he may have sued that Board for compensation, since the compensation statute, Act 20 of 1914, as amended [LSA -RS 23:1021 et seq.], so provides. Dourrieu v. Board of Commissioners of Port of New Orleans, La.App., 158 So. 581.
“(1) But plaintiff is not an employee of the Dock Board. On the contrary, plaintiff is an employee of the International Harvester Company, which is liable to plaintiff, as its employee, for compensation for the injuries received by him under the Compensation Statute, Act 20 of 1914, as amended, and plaintiff has a direct cause or right of action against the International1 Harvester Company, his - employer, for compensation for injuries so received.
“It, is also clear that, under its lease from the Dock Board, the International Harvester Company may sue the Dock Board for any damages resulting to that company, and arising from the unsafe and improper condition of the elevator included in the lease.
“(2) But plaintiff is not a party to this lease, and there is no privity of contract between plaintiff and the Dock Board, upon which plaintiff may base a cause of action against the Dock Board, for any breach of duty in its failure to maintain the elevator leased to the International Harvester. Company in safe and proper condition.
“The facts stated and conclusions reached in this opinion are based solely upon the assumption that the allegations in the petition are true, for the purpose of disposing of the exception of no cause or right of action.
“For the reasons assigned, it is ordered' that the judgment of the Court of Appeal for the Parish of Orleans be affirmed.”
The analysis of the facts in a lawsuit can be likened to the weaving of a design. “Each fact, like threads in the weaver’s hands, must fit its proper place.in the pat *365 tern. The false premise, like an alien thread, must be discarded, and only when the design is complete to the last elusive thread, and the pattern woven as a whole, is a correct solution of the case possible. So, in the case at bar, if certain facts have been lost to view, or if an alien thread has been inserted by mistake, the pattern which the majority opinion of the Court has considered, differs from the true case shown by the record.”
The litigant, not being satisfied with the conclusiveness of the thing adjudged and the grounds assigned by the Supreme Court, applied to the Legislature. I need not go into details as to the consequences of another department of government assuming the privileges and rights assigned to the judicial branch of the government, because I believe such was not intended, but rather content myself by mentioning .that in all of our history heretofore the Legislature has never told this Court on what grounds we must predicate a cause of .action for decision, nor has this Court ever told the Legislature how to pass a bill. Immunity from suit never was, never has 'been, and cannot be, an issue, if we are in fact a Supreme Court. Besides, Section 3 •of art. 365 of 1946 has this provision: “ * * * Nothing in this Act shall be construed as conferring on the said Douglas Foucheaux any different or greater claim or cause of action than he had before the passage of this Act * * *.”
The mere recital of the facts hereinabove stated, taken into consideration with' this provision of the Act protects that body from any intent to assume the rights and prerogatives assigned to the Supreme Court of Louisiana by the Constitution. In our former opinion, we did not shackle Fouchaux’s right to sue but stated that he had a right and pointed out that right, which he has exercised, and furthermore, we said that as the contract relating to the elevator, which his employers had a right to enforce and sue upon, was between the Board and the International Harvester Company and, therefore, there was no privity of contract.
All of these facts, as disclosed by the petition, are now urged in the petition on which the majority opinion of this Court has reversed the exception of no right or cause of action sustained by the district court and I cannot consent to a reversal of a judgment under the same facts and circumstances as herein outlined where the case is so earmarked by res adjudicata, and any further consideration of this matter not only does now, but in the future would lead to absurd consequences.
Section 35 of Article 3 of the Constitution of 1921 read at the time that Act 365 of 1946 became effective, as follows: “Whenever the Legislature shall authorize suit to be filed against the State, it shall provide a method of procedure and the effect of the judgments-which may be rendered therein.” (Italics mine.)
*367 Testing the matter from the correct premise, Act 365 of 1946 is wholly defective, because that Act has failed to provide for either a logical method of procedure or the effect of a judgment to be rendered.
It is declared in the majority opinion that the procedure prescribed in Section 2 is sufficient. Now, let us see what Section 2 does prescribe: It is said that “the procedure in- said suit or suits shall be the same as in suits between private litigants.” When the constitutional convention ordained the Ordinance which is now art. 3, Sec. 35 of the Constitution of 1921, they well knew that procedure against the State and procedure against private litigants is as far apart as the poles of the earth. Because, on the one hand, we are dealing with a sovereign state and on the other, a private litigant. When dealing with the sovereign State, the Constitution controls. When dealing with the procedure for private litigants, the Statute, that is, the Code of Practice, controls. We ask ourselves this question: How could Article 642, which applies only to private litigants or corporations, relating to the effect of the execution of a judgment, apply to the sovereign. Article 642 of the Code of Practice provides that the litigant must apply to the clerk of court to obtain a writ of fieri facias against the property of the debtor. Here, when attempting to proceed against the sovereign, you do not apply to the clerk of the court1 but to the sovereign’s legislature. Article 642 provides that the writ is directed for execution by the civil sheriff of the parish where the property of the debtor is situated, and orders him to seize the property, real and personal, rights and credits of the debtor, and to sell them to satisfy the judgment, and that the sheriff must make returns in not less than 30 nor more than 70 days. If this litigant obtains a judgment against the State, could he proceed as a private litigant proceeds- — through the civil sheriff of the Parish of Orleans, to execute judgment against the property and effects of the State? The majority opinion, when discussing Section 3 of the Act, does what the Constitution in Article 3, Section 35 directs the legislature to do.
The Constitution provides that all monies coming out of the general funds must be made by appropriation. The only method of procedure given to a litigant against the State is to apply to the Legislature to .appropriate out. of its general fund the amount to satisfy a judgment, either in general appropriation bills or by a specific appropriation; and the provisions of the Code of Practice — Articles 643, 646, 647, 648, 649, 650, 651, 652, 653, 654, and 655 as to the notice of the advertisement for sale, must be invoked by the private litigant. The Legislature did not intend to reverse or supersede a decision of this Court; the outward show of an inward grace will be found in Sections 2 and 3 of Act 365 of 1946. These sections with the restrictions imposed when applied to the facts of this case make the unconstitution *369 ality of Act 365 of 1946 patent on the face of the papers, but the logic employed in the arguments “ties my ’brain into bowknots.” I cannot catch on to its combinations. “Its predicate looks one way, its conclusions another, and its judicium seems to be overlooked.” It may be stated that all the opinion of the majority of the Court does is to pass on the constitutional question. That would not be a true statement, because the “alien thread”, the false premise of “immunity” has been injected into the decision as a basis of judgment, and the pattern woven differs from the true case of record. This of necessity has to be pointed out, in order to make for the future a correct solution possible. Any appearance of criticism as distinguished from earnest presentment would be an error of the mind and not of the heart. The judgment of the District Court should be affirmed. I respectfully dissent.