REGAN, Judge.
This is an appeal .by plaintiff, Douglas Fouchaux, from a judgment maintaining the exceptions of no right or cause of action and of res adjudicata filed on behalf of the defendant, Board of Commissioners of the Port of New Orleans, and dismiss *431 ing this suit at plaintiff’s cost. This litigation, which has endured for approximately seventeen years, arises by virtue of personal injuries sustained by the plaintiff on June 14th, 1935, while he was an employee of International Harvester Company, at that time a sub-lessee of the defendant of a portion of their facilities. Plaintiff’s petition reflects that he was injured while using the elevator in these facilities.
The initial suit against the defendant was instituted by the plaintiff on March 4th, 1936. In response thereto defendant pleaded the exceptions of no right or cause of action which, in due judicial course, were maintained by the court, a qua.
On appeal to this court the judgment was affirmed; the rationale of our decision was that the defendant Dock Board, an agency of the State of Louisiana, was not subject to suit in tort. Fouchaux v. Board of Commissioners of the Port of New Orleans, La.App.1939, 186 So. 103.
As a result of this decree a writ of cer-tiorari was granted by the Supreme Court. In the normal course of judicial events, our decree was affirmed. Fouchaux v. Board of Commissioners of the Port of New Orleans, 1939, 193 La. 182, 190 So. 373. However, the Supreme Court in affirming our decree which maintained the exceptions of no right or 'cause of action did not touch upon, or even refer to, the ratio decidendi of our decison, i. e., the .immunity of the Dock Board from an action in tort.
The Supreme Court, Justice Land being the organ' thereof, was ,of the opinion that the allegations of plaintiff’s petition did not assert a cause of action. The rationale of this decision is succinctly stated in Syllabus No. 2 thereof:
“Where lease of portion of wharf and elevator required board of commissioners of -Port of New Orleans to keep elevator and wharf in safe condition but employee of lessee was injured as result of defective condition of elevator, the employee could not base a cause or right of action against the dock board for breach of duty to maintain elevator in safe condition, since the employee was not a party to lease and there was no privity of contract between the employee and the dock board.”
Plaintiff then applied to the Supreme Court of the United States for writ of cer-tiorari to review this decision of the Supreme Court of Louisiana, but it was denied. Fouchaux v. Board of Commissioners of the Port of New Orleans, 1939, 308 U.S. 554, 60 S.Ct. 112, 84 L.Ed. 466.
Subsequently, plaintiff’s counsel, evidently entertaining the logical assumption that this, suit 'had been dismissed by the Supreme Court of Louisiana for the identical reason as the Court of Appeal, i. e., the defendant board could not be sued in tort, had the State Legislature passed Act No. 365 of 1946, which endeavored to waive, in favor of plaintiff, the defendant’s immunity from suit in,tort. ...
Based upon this act of the Legislature, which plaintiff did not possess in his initial suit, he then filed a second suit against the defendant, which contained almost the identical allegations of fact as those asserted in the original suit. In responding to this second suit the defendant again plead■ed the exceptions of no right or cause of action, not based oh its immunity from suit in tort, but on the fundamental unconstitutionality of Act No. 365 of 1946, for the reason that, while the act waived the Board’s immunity from suit in tort, it did not provide a method of procedure for giving effect to any judgment which might be rendered, as required by and in conformity with Article III, Section 35 of the Constitution of Louisiana of 1921.
These exceptions were again' maintained by the court, a qua, and on appeal to the Supreme Court, the' judgment was first reversed and then on rehearing affirmed, in view of the unconstitutionality of the act. Fouchaux v. Board of Commissioners of the Port of New Orleans, 1951, 219 La. 354, 53 So.2d 128, on rehearing—219 La. 370, 53 So.2d 133.
During an interval when the aforementioned suit was pending, plaintiff’s counsel went to the Legislature and succeeded in having Act No. 319 of 1948 passed which again waived the. defendant’s inherent immunity to suit in tort-and successfully cur *432 ed the defectiveness of Act No. 365 of 1946. . .
Armed with this latest expression of the legislative will, plaintiff then filed this suit — the third of the series — based on almost identical allegations of fact that had been stated in the two previous suits. • A comparison of. the allegations in the original petition No.'216 144 of the docket of the Civil District Court, No. 35 286 of the Supreme Court, 193 La. 182, 190 So. 373, with the allegations in the petition now before us reveals that with only negligible variations the two petitions are almost identically the same.
It is our impression obtained from the oral argument and the brief presented to this court by plaintiff's counsel that he was of the opinion that the exceptions of no right or cause of action now béfore us for consideration, are based on or had some relation to an attack on the constitutionality of Act No. 319 of 1948, such as occurred in connection with Act No. 365 of 1946. If this be this opinion, then we believe he is mistaken because the exceptions interposed in bar to' the present suit are based on the decision of the Supreme Court in the original suit, i. e., Fouchaux v. Board of Commissioners of the Port of New Orleans, 193 La. 182, 190 So. 373. The Supreme Court, in considering the petition in connection with that suit containing the identical allegations of fact which are ..enumerated in the petition now before us, clearly held that the petition did not state a right or cause of action and expressed its reasons therefor by virtue of the following opinion:
“If plaintiff had been an employee of the Dock Board, he may have sued that Board for compensation, since the compensation statute, Act 20 of 1914, as-amended [LSA-R.S. 23:1021 et seq.], so provides. Dourrieu v. Board of Commissioners of Port of New Orleans, La.App., 158 So. 581.
“But plaintiff is not an employee of the Dock Board. On the contrary, plaintiff is an employee of the International Harvester Company, which is liable to plaintiff, as its employee, for compensation for the injuries received by him under the Compensation Statute, Act 20 of 1914, as amended, and plaintiff has a direct cause or right of action against the International Harvester Company, his employer, for compensation for injuries so received.
“It is also clear that, under its lease from the Dock Board, the International Harvester Company may sue the Dock Board for any damages resulting to that company, and arising from the unsafe and improper condition of the elevator included in the lease.
“But plaintiff is not a. party to this lease, and there is no privity of contract between plaintiff and the Dock Board, upon which plaintiff may base a cause or right of action against the Dock Board, for any breach of duty in its failure top maintain the elevator leased to the International Harvester Company in safe and proper condition.
“The facts stated and conclusions reached in this opinion are based, solely upon the assumption that the allegations in the petition are true, for the purpose of disposing of the exception of no cause or right of action.”
In our judicial system the Court of Appeal, in its relation to the Supreme Court, occupies the status of an inferior court, therefore, we do not enjoy the prerogative individually or collectively of either criticizing or reversing a decision of that court, even if it should be obviously erroneous.
The Legislature, in conformity with the express provisions contained in Act No. 319' of 1948, granted plaintiff a right of action against defendant, but the Supreme Court, Justice Land being the organ thereof, by virtue of the foregoing decision had already decided that plaintiff’s petition did not disclose a cause of action.
Plaintiff’s counsel, • however, argues that the Legislature in passing Act No. 319 of 1948 was presumptively fully cognizant of the existing jurisprudence,. 193 La. 182, 190 So. 373, therefore, it was. the Legislature’s intent, not only to grant plaintiff a right of action, but to restore,, revive or recreate in view of the effect *433 of Fouchaux v. Board of Commissioners of the Port of New Orleans, 193 La. 182, 190 So. 373, his cause of action based on the same facts asserted in the first suit, otherwise the act would fall into the category of a vain and useless legislative gesture.
If we concede arguendo that it' was a manifestation of the legislature’s intent to declare that the facts which were alleged in plaintiff’s initial suit, do create a cause of action, then we are of the opinion that such an expression by the Legislature cannot be given retroactive effect. Act No. 319 of 1948 waived the defendant’s immunity from suit in tort and merely granted to plaintiff a right to sue or afforded him a remedy. If the act, as counsel contends, has created a cause of action then the said act is in contravention of Art. Ill, Sec. 35 of the Constitution of Louisiana as amended in 1946 which provides “* * * Except as otherwise specially provided in this section, the effect of any authorization by the Legislature for a suit against the State shall be nothing more than a waiver of the. State’s immunity from suit insofar as the suit so authorized is concerned.” It is well settled that a statute may be given retroactive effect where only a matter affecting the remedy is of concern. Rossville Commercial Alcohol Corporation v. Dennis Transfer Co., Inc., 18 La.App. 725, 138 So. 183. However, even in the absence of this specific constitutional amendment referred to herein-above, it is equally well settled that where there is involved the creation of a fundamental cause of action a legislative, act cannot be given retroactive effect.
When the litigation emanating from this accident initially reached the Supreme Court it was of the opinion that no cause of action existed based on those facts. It cannot now be said that plaintiff has a cause of action in this third suit based on those identical allegations of fact since the defendant has also a property right in that judgment of the Supreme Court.
It appears that the Supreme Court in Fouchaux v. Board of Commissioners of the Port of New Orleans, 219 La. 354, 53 So.2d 128, wherein the constitutionality of Act No. 365 of 1946 was at issue, endeavored to give plaintiff his day in court and rendered judgment to that effect, but, on rehearing, this judgment was recalled and there was a final judgment declaring the act unconstitutional and thus again depriving plaintiff of his opportunity to litigate his case before the bar of justice.
In any event and in the last analysis-we are compelled, although we do it reluctantly, to follow Fouchaux v. Board of Commissioners of the Port of New Orleans, 193 La. 182, 190 So. 373, as it, as far as wé are concerned, acts as a bar against the plaintiff in this suit against the same defendant on the same allegations of fact.
The foregoing conclusion is substantiated by virtue of Art. 2286 of the LSA-Civil Code, which provides:
“The authority of the thing adjudged takes place' only with respect to what was the object of the judgment. The thing demanded must be the same; the demand, must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the .same, quality.”
To reiterate, it is not within the province of this Court to determine the correctness vel non of a decision of the Supreme Court since, under the settled jurisprudence, it is immaterial whether the judgment in the first case was right or flagrantly wrong, so long as it is revealed to be a final judgment between the same parties and based on the same allegations.
Our position is analogous to that in which the late Judge Westerfield found himself in Cusimano v. New Orleans Public Service, 122 So. 903, 905, 12 La.App. 586, where in a concurring opinion, he so colorfully elucidated upon the status of an inferior tribunal.
“My position is like that of the participants in a certain renowned military exploit, who, though ‘stormed at with shot and shell,’ yet ‘boldly they rode and well,’ because, having heard the voice of authority, it was ‘Theirs not to make reply, theirs not to reason why.’ ”
*434 In establishing a precedent for the foregoing assertion, the Supreme Court, in the very recent case of Norah v. Crawford, 213 La. 433, 49 So.2d 751, 754, referring to Articles 2286 and 3556 of the LSA-Civil Code, said:
“In the interpretation of these codal provisions the following jurisprudence has evolved and become firmly established: ‘It matters not under what form, whether by petition, exception, rule or intervention, the question be presented, whenever the same question recurs between the same parties, even under a different form or procedure, the exception of res judicata estops.’ City Bank of New Orleans v. Walden, 1 La.Ann. 46, 47; Consolidated Association of the Planters of Louisiana v. Mason, 23 La.Ann. 618; Sewell v. Scott, 35 La.Ann. 553; Greenwood Planting & Manufacturing Company v. Whitney Central Trust & Savings Bank, 146 La. 567, 83 So. 832; Carbajal v. Bickmann, 192 La. 56, 187 So. 53. ‘The estoppel extends to every material obligation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined therein.’ Heroman v. Louisiana Institute of Deaf and Dumb, 34 La.Ann. 805; Buillard v. Davis, 185 La. 255, 169 So. 78; Succession of Fitzgerald, 192 La. 726, 189 So. 116. ‘Matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal.’ Heroman v. Louisiana Institute of Deaf and Dumb, supra; Pitts v. Neugent, 187 La. 694, 175 So. 460. ‘Whether the reasons upon which it was based were sound or not, and even if no reason at all were given, the judgment imports absolute verity, and the parties are forever estopped from disputing its correctness.’ Heroman v. Louisiana Institute of Deaf and Dumb, supra; City of New Orleans v. Citizens’ Bank, 167 U.S. 371, 407, 17 S.Ct. 905, 914, 42 L.Ed. 202, 215.”
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.