## MANSON v. BOARD OF LEVEE COMMIS-SIONERS, ORLEANS LEVEE DISTRICT.

### No. 14656.

Court of Appeal of Louisiana. Orleans.
March 26, 1934.

Buck, Walshe & Buck, of New Orleans, for appellant.

James Wilkinson and George Piazza, both of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff, as riparian owner, claims from the defendant the sum of $1,350 for the value of alluvion, sand, or soil alleged to have been removed from the batture, or banks of the Mississippi river, by the defendant, and sold to third persons for private use.

The defenses were as follows:

First, a denial that the plaintiff was the owner of the property, defendant claiming ownership under a previous appropriation

of and payment for the property, in the case of Manson v. Board of Levee Commissioners, 154 La. 995, 98 So. 555, citing, in support of this defense, Boyce Cottonseed Oil Mfg. Co. v. Board of Commissioners of Red River, etc., District, 160 La. 735, 107 So. 506.

Second, that as defendant is an agency of the state, vested with jurisdiction over the construction and maintenance of levees, plaintiff is without any right to institute an action ex delicto against it, unless expressly authorized by law, citing Peart v. President of Red River, A. & B. B. Levee Dist., 45 La. Ann. 425, 12 So. 490, and Lamport & Holt, Ltd., v. Board of Commissioners, 137 La. 784, 69 So. .174.

Third, defendant admits that as the supervising authority, it gave a permit to a third party to remove 11,000 cubic yards of sand from the property in question, for which it received the sum of $1,100, but avers that under the law it has the right to grant permits to the general public for the removal of sand from the. batture for public use and for the common welfare, and that the soil removed was so used and the money collected in connection therewith was used to pay the fees of its inspectors, who had supervision over the excavation, in order to see that the foundation of the levee and the drainage thereof would not be impaired.

There was judgment dismissing the suit on the ground that the defendant was the owner of the property, and plaintiff has appealed.

Assuming that the plaintiff is the owner of the batture in question and that he has the authority and right to sue the defendant in tort, a view most favorable to the plaintiff, but without deciding these issues, let us consider the third defense.

The undisputed evidence shows that the batture in controversy is located within the corporate bounds of the city of New Orleans. The defendant gave permission to a contractor, who had agreed to fill and grade the grounds of the United States Quarantine Station at Algiers, to remove the sand. As a large amount of filling was to be taken, the board deemed it advisable to place inspectors in charge in order that the base of the levee and the drainage thereof would not be impaired and the use by the general public of the batture would not be unduly interfered with by large excavations. In order to defray a portion of the inspectors' fees, a charge of 10 cents a yard was imposed upon the contractor in connection with the permit.

In the case of Municipality No. 1 v. Municipality No. 2, 12 La. 49, 65, the Supreme Court said:

"The right to take dirt or sand is not a corporate right, but one common to every inhabitant of the city of New Orleans; and it might tend to defeat the great object of the dedication, if every one were allowed the unregulated right to excavate where and to what extent they might think proper."

See, also, Mayor, etc., of City of New Orleans v. Hopkins, 13 La. 326; Municipality No. 2 v. Orleans Cotton Press, 18 La. 122, 36 Am. Dec. 624; Pulley v. Municipality No. 2, 18 La. 278; Remy v. Municipality No. 2, 12 La. Ann. 500; Remy v. Municipality No. 2, 15 La.· Ann. 657; Pickles v. McLellan Dry Dock Co., 38 La. Ann. 415; Forman v. New Orleans & C. R. Co., 40 La. Ann. 449, 4 So. 246; Watson v. Turnbull, 34 La. Ann. 856; Shreveport v. St. Louis S. W. R. Co., 115 La. 885, 40 So. 298.

Jurisdiction and control over the levee and batture here involved was vested in defendant by the provisions of Act No. 93 of 1890.

Plaintiff in his brief makes the following statement:

"We are well aware and concede that the Levee Board has the absolute right to the use of batture for public purposes and for · the common welfare. In the instant case, however, plaintiff claims reimbursement for actual removal of batture or alluvion by the Levee Board, not for a public purpose or for the common welfare, but for which it admits having received payment from an individual." ·

Defendant's counsel replies, "We know of no more public or civic use that could be made of this sand" than filling and grading the grounds of the U. S. Quarantine Station at Algiers, which is also located within the municipal limits of New Orleans.

It is immaterial whether or not the soil taken from the batture was used for a public purpose as the levee board was not selling it to third persons for private purposes for gain, because the charge of 10 cents per cubic yard was merely to defray the expenses that the board was put to in carrying out the mandate of the law to supervise and maintain the levees. To permit the general public to excavate at will any part of the batture might well undermine the base or foundation of the levees and also ruin the drainage, which is indispensable in keeping them sound, in order to resist the crest waters during the flood season.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.