PONDER, Justice.
 

 Plaintiff, Mrs. Leontine Ecuyer Miller, the widow of William R. Miller, seeks to re
 
 *537
 
 cover from the defendant, Board of Commissioners of the Port of New Orleans, $10,-000 as damages for the injury and death of her deceased husband, William R. Miller, caused by alleged vices and defects of the premises of the defendant.
 

 It is alleged in the plaintiff’s petition that William R. Miller, the deceased, was an employee of the Waterman Steamship Corporation; that the Waterman Steamship Corporation leased from the defendant a portion of certain docks, wharves and sheds of the Orange and Robin Street Wharves, located along the Mississippi River, in the City of New Orleans; that the deceased, while engaged in the scope of his employment as watchman of the leased premises and while attempting to lower one of the steel sliding doors at the entrance to Shed No. 33 of the Orange St. Wharf was struck on the head by the door when the cradle or bracket supporting the door’s rollers broke, thereby causing the door to fall on the deceased, resulting in injury and his death; that the defendant, as lessor, is liable to the employees of its lessee, the Waterman Steamship Corporation, for the damages occasioned by the vices and defects of the leased premises.
 

 The Royal Indemnity Company, insurance carrier of the Waterman Steamship Corporation, filed an intervention wherein it is alleged that Miller’s death was caused by the negligence of the defendant; that the intervenor has paid to the plaintiff $2,262 as workmen’s compensation for the account of its insured; that in accordance with the Workmen’s Compensation Law, Act No. 20 of 1914, the intervenor is subrogated to the rights and actions of the Waterman Steamship Corporation against the defendant; and that the intervenor is entitled to recover from the defendant the amount it has paid plaintiff out of any judgment which might be rendered in plaintiff’s favor against the defendant.
 

 The defendant interposed exceptions of no cause of action to the plaintiff’s petition and to the intervention. The trial court maintained the exceptions and dismissed the plaintiff’s suit as well as the intervention. The judgment was affirmed by the Court of Appeal for the Parish of Orleans. The case is now before us on a writ of review.
 

 The exceptions of no cause of action are based on the ground that the defendant is an agency of the -State and cannot be sued without the permission of the State, which permission the defendant contends has not been granted.
 

 The Board of Commissioners of the Port of New Orleans, hereinafter referred to as the Dock Board, is an agency of the State, performing purely administrative functions. State ex rel. Tallant v. Board of Commissioners of Port of New Orleans, 161 La. 361, 108 So. 770. This view is fortified by the’fact that the State provides funds for the operation of the Dock Board. Article VI-A, Sec. 5, of the Constitution of 1921, as amended, provides that 9/20’s of the 1{S gasoline tax shall be dedicated to the Dock Board. This view is further fortified by the additional fact that the members of the Dock Board and their successors are appointed by the Governor of the State.
 

 It is provided in Article VI, Sec. 16, Par. 1, of the Constitution of 1921 that the Dock
 
 *538
 
 Board shall exercise the powers conferred upon it by the Constitution and such other authority as may be conferred by the legislature. From an examination of the Constitution and the Acts of the legislature dealing with the Dock Board, it is apparent that the right to sue the Dock Board in tort has not been granted.
 

 It is true that Act 70 of 1896 and its subsequent amendments, Act 36 of 1900 and Act 14 of 1915, provide that the Dock Board shall have and enjoy the rights, powers, and immunities incident to corporations. This provision contained in Act 70 and the subsequent amendments has been discussed on two occasions by this Court, and the conclusion was reached that the Dock Board was not a corporation but a mere state agency. Duffy v. City of New Orleans, 49 La.Ann. 114, 21 So. 179, 180; State ex rel. Tallant v. Board of Commissioners of Port of New Orleans, supra. From an analysis of these decisions, it is apparent that the authority to sue the board in tort was not granted under this provision of Act 70 of 1896 and its amendments.
 

 In the case of Duffy v. City of New Orleans, supra, the following pertinent observation was made: “The board of commissioners authorized by the act of 1896 is not a body corporate, within the meaning of the constitution. It is obvious that the legislature did not intend to create a corporation. Generally, a corporation has succession in its corporate name. It may plead and be impleaded. It may hold and convey property. The board here is not invested with all these qualities, essential to the existence of a corporation. The act empowers this board to administer the public wharves of the port, and invests it with certain duties. The-matter is, we think, one chiefly of administration. The legislature had the power to-pass an act to administer the affairs of the public wharves and levees through agents. Having this power, it had the power to carry the legislative will into execution* through the intervention of a board of commissioners appointed for the purpose, without necessarily creating a corporation, within the inhibitory clause of the constitution. Though the board may possess some of the incidents of a corporation, it is not necessarily a corporation. The provisions of the act can only be regarded as regulations and agencies to be enforced by this board. It is given such authority as may be needful to that end. The members are agents acting together. This board is not a body corporate, with privileges and immunities such as public corporations must have. The most that can be alleged is that the act authorizes the board to perform certain designated acts,, which we must assume are in the interest and for the welfare of the state. The general acts and the general modes of creating corporations are not before us for consideration. We are only concerned with an act of public agency, passed for, a special purpose. -As such, we do not think that it should be adjudged a public corporation.” It is also stated therein: “There is nothing granted to the board of commissioners, save the right to administer, in accordance with the terms of the act, property of which the state has the power to resume control.”
 

 It is stated in the case of State ex rel. Tallant v. Board of Commissioners of Port
 
 *539
 
 of New Orleans, supra [161 La. 361, 108 So. 771] : “And we make mention of the purpose of its creation, of its status, and of the nature of the property under its administration to the end that it may be observed that defendant is not a corporation but a mere state agency; that the property under its administration is not its own but public property; that the purpose for which defendant was created was to ‘remove the obstacles’ in the way of the advancement and prosperity of the port of New Orleans and lighten the burden on its commerce by reducing expenses and selecting competent employees. So that when the General Assembly of the state (now ‘the Legislature’) deals with the affairs of the board of commissioners of the port of New Orleans, it is as a master speaking to his servant with respect to that which is the master’s own. Its commands in such matters transcend, as it were, the domain of ordinary legislation; it then speaks with dual authority, that of sovereign and that of master. Cf. Lacoste v. Department of Conservation, 151 La. 909, 92 So. 381.”
 

 Counsel for the plaintiff advances three contentions, under any of which he claims the plaintiff is entitled to recover viz., (1) A state agency is liable in tort, even though it is engaged in a governmental function, if the injury arose from the failure or neglect to perform a mandatory (not discretionary) statutory duty, imposed by the charter or creating Act; (2) a state agency is liable in tort, even though engaged in a governmental function, if the operation out of which the injury arose was being conducted for the purpose of profit; (3) a state agency-is liable in tort if the injury arose through the agency performing a non-governmental or proprietary function.
 

 The authorities cited by counsel involve municipalities and corporations authorized by charter or by statute “to sue or to be sued.” Such being the case, the authorities would not be pertinent. Moreover, it cannot be said that the Dock Board is operating for profit or performing a proprietary function, for the reason that the State provides funds for the operation of the Dock Board in addition to those which the Dock Board is authorized to receive, and for the reason that the statutes dealing with the Dock Board empower it to charge for the use of the wharves and sheds. The proceeds derived from the occupants of the wharves and sheds are used to help defray the expense of operation.
 

 In the case of Douglas Fouchaux v. Board of Commissioners of Port of New Orleans, 193 La. 182, 190 So. 373, we had occasion to entertain a similar suit on review of a judgment rendered by the Court of Appeal for the Parish of Orleans, 186 So. 103. In that case, the Court of Appeal for the Parish of Orleans affirmed the judgment of the Trial Court, maintaining an exception of no cause of action, on the ground that the Dock Board may not be sued in tort. We take it that the Court of Appeal considered all the facts alleged in the plaintiff’s petition and arrived at the conclusion that the action was based on tort. When we entertained this case on review, we found the plaintiff had alleged that his employer, the International Harvester Company, had by contract leased an elevator and
 
 *540
 
 a portion of the wharf, at which place the plaintiff was injured, and that it was provided in, the lease that the defendant would maintain the wharf and elevator in a proper and safe condition, so that it would not only be safe and usable, but so that petitioner and others, similarly situated, would not be injured, but could work in safety. It was also alleged therein that the violation of the lease contract was the cause of the accident. It was further alleged that the contract rights' between defendant and the plaintiff’s employer, which were for the benefit of pe-s titioner and others similarly situated, were violated by defendant, and the petitioner therefore had a cause of action against the defendant. When we entertained this case on review, we considered these allegations of the plaintiff’s petition. We stated in our opinion that the judgment of the Court of Appeal for the Parish of Orleans was correct for the reason that no privity of contract existed between plaintiff and defendant. We did not then, and we do not now find any fault in the judgment of the Court of Appeal or in the reasons upon which that Court based its judgment. Litigants, as usual, advance many contentions in suits with the view of obtaining a favorable judgment and usually complain when their contentions are not considered or discussed. Evidently, we realized that the plaintiff could not recover in tort, and we were considering whether or not the plaintiff was entitled to recover under the terms of the lease. Even though it were conceded that the International Harvester Company would be entitled to recover for a violation of the lease, yet the plaintiff, who was not a party to the lease, could not.
 

 It is true that the following statement was made in our opinion in the Fouchaux case: “It is also clear that, under its lease from the Dock Board, the International Harvester Company may sue the Dock Board for any damages resulting to that company, and arising from the unsafe and improper condition of the elevator included in the lease.” This statement was not necessary to the decision, and it is mere obiter dictum. The International Harvester Company was not a party to the suit'. It will be noted that we stated in our opinion that the conclusions reached were based solely, on the assumption that the allegations' in the petition were true. What we should have said in the opinion is that even conceding the International Harvester Company had a right to sue under its lease, that even in that event, the plaintiff, not being a party to the lease, had no such right.
 

 After again reviewing the reasons set forth by the Court of Appeal in the Fouchaux case, upon which the Court of Appeal bases its decision in the present case, we are convinced that the views expressed therein are correct.
 

 After examining the petition in the present case, we conclude that the judgment of the Court of Appeal should be affirmed.
 

 Having arrived at the conclusion that the plaintiff’s petition does not set forth a cause of action, it follows, therefore, that the intervention must be dismissed, for the reason that a dismissal of the plaintiff’s
 
 *541
 
 suit carries with it the dismissal of the intervention. Erskine v. Gardiner, 162 La. 83, 110 So. 97.
 

 The judgment of the Court of Appeal is affirmed.
 

 McCALEB, J., recused.