354 F.2d 48
 William M. O'KEEFFE, as Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, Appellant,
v.
ATLANTIC STEVEDORING COMPANY, Inc., et al., Appellees.
 No. 21770.
 United States Court of Appeals Fifth Circuit.
 December 8, 1965.
 
 Leavenworth Colby, Atty., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Donald H. Fraser, U. S. Atty., Morton Hollander, Attorney, Department of Justice, Washington, D. C., for appellant.
 Julian F. Corish, Albert N. Remler, Malberry Smith, Jr., Savannah, Ga., for respondent.
 Corish, Smith & Remler, Savannah, Ga., of counsel, for appellees.
 Before JONES and THORNBERRY, Circuit Judges, and SLOAN, District Judge.
 JONES, Circuit Judge.
 
 
 1
 William Curry was a longshoreman employed by the appellee, Atlantic Stevedoring Company, at the Port of Savannah, Georgia. On October 30, 1962, he was assisting in the loading of rolls of paper from a dock into the hold of a vessel. Each roll of paper was bound by two metal bands, one around each end of the roll, with a band of metal through the core and then around the roll lengthwise and outside of the bands around the circumference. Curry was engaged in attaching to the rolls of paper a device known as "Baltimore Dogs" which permitted the rolls to be firmly held while being hoisted over the ship's side and lowered into the hold by means of the ship's boom. After the dogs had been attached to one roll and it was being lifted from the dock, one of the circumference bands slipped off the roll, caught Curry by the leg and lifted him, as well as the roll of paper, from the dock. He was carried, head down, up and out from the dock. The winch operator, alerted by the hollering of other employees, stopped the winch. Curry dropped into the water of the slip between the dock and the vessel. When taken from the water Curry was dead. His skull had been fractured but it was ascertained that the cause of death was drowning.
 
 
 2
 Margaret Curry, widow of the deceased, for herself and for their daughter, filed a claim under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Testimony was taken before the Deputy Commissioner. There was no witness who could testify as to how the skull fracture had occurred. It was suggested that his head might have struck the dock as he was unpended while being lifted from the dock. It was mentioned as a possibility that the boom might have swung him against the side of the ship as he was being carried away from the dock. The possibility was mentioned that he could have struck the side of the ship or the dock in falling. The claim for compensation was resisted on the ground that the injury resulting in Curry's death was not within the terms of the Act, which provides that "Compensation shall be payable * * * only if the disability or death results from an injury occurring upon the navigable waters of the United States * * *" 33 U.S.C.A. § 903. The deputy commissioner determined that the injury from which Curry's death resulted occurred upon water. The district court concluded that the injury did not occur upon water, and judgment was entered for the appellee, Atlantic Stevedoring Company v. O'Keeffe, 220 F.Supp. 881. The deputy commissioner has appealed.
 
 
 3
 The Act is to be liberally construed in conformity with its purpose, and in a way which avoids harsh and incongruous results. Reed v. Steamship Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448; Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5. The district court determined that the injury occurred on the dock and hence not upon navigable waters and therefore there was no liability under the Act. The Stevedoring Company tells us that when Curry was lifted his head struck the dock, his skull was fractured, and that this was the injury which resulted in his death. This is only conjecture. The deputy commissioner found that Curry's head was swung against the side of the ship and this caused the fractured skull. No evidence is before us which sustains the finding. The evidence shows no more with respect to the place of the injury and its cause than that Curry was lifted by the gear of the ship, was carried into the air, was dropped between the ship and the dock into the water, and that his death was caused by drowning.
 
 
 4
 Docks, wharves, piers and similar structures are regarded as extensions of the land and injuries occurring there are not under the coverage of the Act. Swanson v. Marra Brothers, 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045; Hastings v. Mann, 4th Cir. 1965, 340 F.2d 910, cert. den. 380 U.S. 963, 85 S.Ct. 1106, 14 L.Ed. 2d 153; Wiper v. Great Lakes Engineering Works, 6th Cir. 1965, 340 F.2d 727, cert. den. 382 U.S. 812, 86 S.Ct. 28, 15 L.Ed.2d 60. On the other hand, a gangplank, not being permanently attached to the land, and traditionally, if not always so in fact, a part of the equipment of the ship, is regarded as a part of the ship so that an injury occurring upon a gangplank is regarded as having occurred upon navigable waters. Taylor v. Baltimore & Ohio Railroad Co., 2nd Cir. 1965, 344 F.2d 281. This rule has been recently extended so as to include, as being over water, a skid which was impermanently affixed to the wharf although sufficiently connected with the land as to sustain an award to an injured longshoreman under a state workmen's compensation act. Michigan Mutual Liability Co. v. Arrien, 2nd Cir. 1965, 344 F.2d 640. Indicative of the judicial trend in cases of this character is Interlake Steamship Company v. Nielsen, 6th Cir. 1964, 338 F.2d 879, cert. den. 381 U.S. 934, 85 S.Ct. 1765, 14 L.Ed.2d 699, where it was held that the custodian of a docked vessel was within the coverage of the Act when he drove his automobile off the dock and was killed when his car landed upside down on the frozen surface of Lake Erie.
 
 
 5
 The case before us may be one within the twilight zone, so called. Cf. Holland v. Harrison Bros. Dry Dock and Repair Yard, Inc., 5th Cir. 1962, 306 F.2d 369. The difficult problem is the determination as to the place where the injury occurred. It is the place where the injury occurred that determines whether there is Longshoremen's Compensation coverage. If the ship's boom had swung over the dock, striking and causing the death of Curry, we would not be able to find a basis for recovery under the Act. The place of the injury would have been the dock. It is true that when the causal chain of events commenced, Curry was on the dock and not upon navigable waters. But the beginning of the causal sequence was the lifting of Curry from the dock by the metal band suspended from the ship's boom. The boom was a part of the ship. Curry was lifted from the dock by the gear of the ship and was, within the meaning of the Act, suspended from the ship. He was off the dock and upon navigable waters when injured, and this is true whether his head struck the dock as he was lifted or whether he struck the ship or the dock while swinging from the boom or after he was dropped. We are firmly of the view that Curry sustained his injury over navigable water.
 
 
 6
 An award under the Act is to be sustained if it can be supported by a reasonable argument. Holland v. Harrison Bros. Dry Dock and Repair Yard, Inc., supra. The argument supporting the Commissioner's award in this case seems not only reasonable, it appears to be conclusive. In order that the Act may be liberally construed in conformance with its purpose as applied to the facts here presented, the judgment of the district court will be reversed for the entry of a judgment sustaining the award of the deputy commissioner.
 
 
 7
 Reversed and remanded.