Andrew **NICHOLSON**, Plaintiff,

v.

C. D. **CALBECK**, Deputy Commissioner et al., Defendants.

Civ. A. No. 65–H–63.

United States District Court
S. D. Texas,
Houston Division.

Oct. 18, 1966.

———◇———

Mandell & Wright, Herman Wright, Houston, Tex., for plaintiff.

Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for Deputy Commissioner.

Fulbright, Crooker, Freeman, Bates & Jaworski, S. G. Kolius and Ed Bluestein, Jr., Houston, Tex., for Crown Stevedoring Co. and Texas Employers' Insurance Ass'n.

*Memorandum:*

INGRAHAM, District Judge.

This case comes to the court upon a complaint filed by the plaintiff seeking to enjoin the enforcement of a compensation order issued by defendant Deputy Commissioner on January 13, 1965. The

---

15. Patton v. State of North Carolina, supra, 256 F.Supp. at 235.

action is now before the court for consideration of motions for summary judgment filed by both plaintiff and defendants.

The case is presented to this court on the pleadings of the parties, the record developed in the hearing before the defendant Deputy Commissioner, and is accompanied by extensive briefs submitted on behalf of all parties. There is no dispute between the parties as to the facts as found by the Deputy Commissioner, but they differ sharply as to the legal conclusions which may be arrived at from the record.

The sole question presented to this court is whether the loss occasioned by the plaintiff's injury is compensable under the Federal Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq. ("Longshoremen's Compensation Act").

The pertinent facts in this case are as follows: The plaintiff, a longshoreman, was assigned to work on the Manchester wharf in Houston, Texas, unloading a merchant vessel on the day the injury occurred. This wharf is a concrete structure and is attached to the land. The waters of the Houston Ship Channel flow under a portion of the wharf.

On the morning of the day the injury occurred, two large hatch beams had been removed from the ship and placed on the wharf by means of the ship's winches. These beams were placed on wooden pallets, one atop the other. Later in the day, it became necessary to shift the vessel farther up the wharf and members of the longshoremen gang were instructed to move the hatch beams up the wharf. The beams were being moved up the wharf by means of two forklift vehicles when the injury occurred. As the beams were being carried past the plaintiff, who was standing on the wharf, the top beam fell from the pallet on which it was placed and struck and seriously injured him.

The plaintiff made application for compensation pursuant to Section 913 of the Longshoremen's and Harbor Workers' Compensation Act, and a hearing was held before the Deputy Commissioner for the Eighth Compensation District, C. D. Calbeck, commencing on December 22, 1964. The Deputy Commissioner rejected the plaintiff's claim for compensation on the basis that dockside injuries are not compensable under the provisions of the Longshoremen's Compensation Act.

Section 903 of the Longshoremen's Compensation Act provides:

"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring *upon the navigable waters of the United States* (including any drydock) and if recovery for the disability or death through workmen's compensation proceedings may not validly be provided by State law." (Emphasis added).

There is no dispute in this case as to the fact that the plaintiff was injured on the wharf. In light of this fact, it is this court's opinion that the Deputy Commissioner correctly rejected the plaintiff's claim for compensation under the Longshoremen's Compensation Act.

This view is strongly supported by the recent Fifth Circuit case of O'Keeffe, Deputy Commissioner, v. Atlantic Stevedoring Co., Inc., 354 F.2d 48 (5 CA 1965). In this case, the Circuit Court of Appeals upheld an award of the Deputy Commissioner to the widow of a longshoreman who was killed while loading a vessel. The court specifically affirmed the fact finding of the Deputy Commissioner that the injury did not occur on the dock, but occurred over navigable waters after the victim had been lifted from the dock and carried out from the dock and dropped in the water between the ship and the wharf. In discussing the scope of the coverage under the Longshoremen's Compensation Act, the court made these observations at page 50:

"The difficult problem is the determination as to the place where the injury occurred. It is the place where the injury occurred that determines whether there is Longshoremen's Compensation coverage. *If the ship's boom*

*had swung over the dock, striking and causing the death of Curry, we would not be able to find a basis for recovery under the Act. The place of the injury would have been the dock."* (Emphasis added).

In the instant case, it is clear the injury occurred on the dock, and thus is not within the scope of the Act.

The recent case of Johnson v. Traynor, 243 F.Supp. 184 (D.Md.1965), furnished by the defendants, is directly in point and supports the finding of this court. In that case, Judge Watkins, in an extensive and scholarly opinion, found that the Longshoremen's Compensation Act did not provide coverage for the widow of a longshoreman who fell from a railroad car onto a pier and was killed. The court based its opinion on the fact that the injury occurred on the pier and not "on the navigable waters of the United States."

In Swanson v. Marra Brothers, Inc., 328 U.S. 1, 7, 66 S.Ct. 869, 872, 90 L.Ed. 1045 (1946), the Supreme Court in discussing the scope of the Longshoremen's and Harbor Workers' Compensation Act, quoted from Sen.Rep. No. 973, 69th Cong., 1st Sess., p. 16, as follows:

> "These men are mainly employed in loading, unloading, refitting, and repairing ships; *but it should be remarked that injuries occurring in loading or unloading are not covered unless they occur on the ship or between the wharf and the ship,* so as to bring them within the maritime jurisdiction of the United States." (Emphasis added).

The Court then stated that the Longshoremen's Compensation Act "is restricted to compensation for injuries occurring on navigable waters, it excludes from its own terms and from the Jones Act any remedies against the employer for injuries inflicted on shore." This statement, in conjunction with the long line of authorities holding that a structure permanently affixed to the soil such as a wharf is considered as part of the land, see e. g., T. Smith & Son v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520

(1928), State Industrial Commission of State of N. Y. v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933 (1922), further supports the prevalent view that the Longshoremen's Act was not intended to cover injuries occurring on a wharf.

Subsequent to the Swanson case, there have been several decisions from the Circuit Courts of Appeals upholding the view that an injury occurring on a dock is not compensable under the Longshoremen's Act. See O'Keeffe, Deputy Commissioner v. Atlantic Stevedoring Co., Inc., supra; American Export Lines v. Revel, 266 F.2d 82 (4 CA 1959); John W. McGrath Corp. v. Hughes, 264 F.2d 314 (2 CA 1959), cert. denied, 360 U.S. 931, 79 S.Ct. 1451, 3 L.Ed.2d 1545.

The plaintiff relies primarily on Calbeck, Deputy Commissioner, v. Travelers Ins. Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962), in support of his position. As Judge Watkins stated in his opinion, Johnson v. Traynor, supra, 243 F.Supp. at page 195, a careful reading of the Travelers Ins. Co. case shows that it doesn't support the plaintiff's position, but is actually contra to it. In the Travelers Ins. Co. case, the court finds specifically that the injury occurred on navigable waters and further observes that the purpose of the Longshoremen's Act was to provide a remedy for injuries occurring *on navigable waters.* In the case now before this court, the injuries did not occur on navigable waters, but rather on a wharf adjacent to navigable waters.

The plaintiff cites Spann v. Lauritzen, 344 F.2d 204 (3 CA 1965), cert. denied, 382 U.S. 938, 86 S.Ct. 386, 15 L.Ed.2d 348; Huff v. Matson Navigation Co., 338 F.2d 205 (9 CA 1964), cert. denied, 380 U.S. 943, 85 S.Ct. 1026, 13 L.Ed.2d 963 (1965), and Forkin v. Furness Withy & Co., Ltd., 323 F.2d 638 (2 CA 1963), as holding that a court has admiralty jurisdiction over a longshoreman injured on a dock. These cases are not applicable to the case before this court as none of them arose under the Longshoremen's Compensation Act. This court recog-

nizes that the traditional "maritime jurisdiction" for torts is broader than the limitation of coverage to injuries occurring "on navigable waters" found in the Longshoremen's Compensation Act. Johnson v. Traynor, supra. This court does not find the dicta in Caldaro v. Balt. & Ohio R. R. Co., 166 F.Supp. 833 (E.D. N.Y.1956), persuasive in light of subsequent cases reviewed earlier in this opinion.

Accordingly, this court holds that the compensation order denying compensation benefits complained of in this case is in accordance with the law.

The plaintiff's motion for summary judgment will be denied. The defendants' motion for summary judgment will be granted.

The clerk will notify counsel to draft and submit appropriate judgment.