209 So.2d 296 (1968)
BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS, an Agency of the State of Louisiana,
v.
GYPSUM TRANSPORTATION, LIMITED, and Crescent Towing & Salvage Co., Inc.
No. 2829.
Court of Appeal of Louisiana, Fourth Circuit.
April 8, 1968.
Rehearing Denied May 6, 1968.
Writ Refused June 4, 1968.
Deutsch, Kerrigan & Stiles, Cornelius G. Van Dalen, New Orleans, for Board of Commissioners of Port of New Orleans, plaintiff-appellee.
Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Paul A. Nalty and Leon Sarpy, New Orleans, for Gypsum Transportation Limited, et. al., defendant-appellant.
Before SAMUEL, CHASEZ and HALL, JJ.
*297 CHASEZ, Judge.
This is an appeal by defendant Gypsum Transportation, Limited, hereinafter referred to as "Gypsum", from a judgment sustaining an exception of no right of action filed against it by the plaintiff Board of Commissioners of the Port of New Orleans, hereinafter referred to as "The Board". The Board's exception was directed at Gypsum's reconventional demand against the Board and was based on the principle of sovereign immunity.
The suit arose out of a collision in the inner harbor navigation canal (Industrial Canal) in the Port of New Orleans. Gypsum's vessel, the S/S GYPSUM QUEEN, under the assistance of the tugs PORT ALLEN and ORLEANS, owned by defendant Crescent Towing & Salvage Co. Inc., hereinafter referred to as "The Towing Company", collided with the main bridge structure of the Gentilly (L & N Railroad Crossing) Bridge. The Board was and still is the owner of the damaged bridge.
The board filed suit against Gypsum and The Towing Company, alleging negligence and unseaworthiness on the part of both defendants and asked for damages of $30,134.93. Gypsum in its answer to the Board's petition by way of reconventional demand, claimed $63,253.21, being the amount of loss it alleges it suffered to its vessel in the incident. It alleged the cause of the collision was "the faulty design, construction, maintenance, repair and rebuilding of the Inner Harbor Navigation Canal in the Port of New Orleans, and from the negligence of the Board of Commissioners of the Port of New Orleans."
As stated previously, the Board raised the peremptory exception of no right of action to Gypsum's Reconventional Demand, based on its alleged sovereign immunity as an agency of the State of Louisiana. Gypsum in turn raised the exception of no right of action to the Board's suit against it. The exceptions were heard jointly, and the Board's exception was sustained while Gypsum's was denied.
Gypsum now bases its appeal on the contention that the judgment barring its reconventional demand against the Board has eliminated the substantive defenses afforded it under maritime law. Further, it claimed that as the State Court must apply maritime law to this case, it cannot allow its own state concepts of immunity to act in derogation of defendant's rights under maritime law.
The Board counters this with the assertion that the trial court's action in sustaining the peremptory exception did not take away any of Gypsum's defenses under maritime law, that these defenses are inherent in maritime law itself, which must of necessity be applied in this case. The Board contends that all the exception did was to prevent Gypsum from realizing a money judgment against the state in the face of the State's sovereign immunity.
Of course the above statements are to some extent an over-simplification of each party's position in this appeal, as the matter involves technical problems of maritime law which never readily lend themselves to simple statements.
There is little doubt that the Board of Commissioners of the Port of New Orleans is an agency of the State of Louisiana and as such is immune from suit. Miller v. Board of Com'rs, etc., 199 La. 1071, 7 So.2d 355 (1942). It is equally well settled that a State Court must apply substantive admiralty law to resolve the issues raised in a case such as this. Rojas v. Robin, 230 La. 1096, 90 So.2d 58 (1956); Beavers v. Butler, La.App., 188 So.2d 725 (La. App.2d Cir.1966). A conflict arises when by the application of the principle of sovereign immunity a defendant is deprived of a defense that substantive admiralty law allows. However, we are of the opinion that such was not the case in the matter before us. It is appropriate here to note that while defendant claims that by the dismissal of its reconventional demand it has lost the right to rely on the admiralty defenses of majorminor fault, comparative negligence and *r98 both to blame, nowhere in its answer or its reconventional demand has it attempted to claim these defenses. Gypsum in its brief filed with this court attempts to style its reconventional demand against the board as simply an attempt to raise its admiralty defenses of comparative negligence, majorminor fault and mutual fault.
Gypsum states:
"Such a defense would simply mitigate the damages sought against the defendant-appellant. No affirmative process, in rem or in personam has been sought against the plaintiff-appellee, but the claim sought is solely a defense to the original action." (Emphasis ours.)
We need only to refer to the prayer for relief by Gypsum in its answer and reconventional demand, to find contradiction in Gypsum's own words, to this argument which it now seeks to impress this court:
"Wherefore, Gypsum Transportation, Limited prays:
"1. That the above and foregoing answer be deemed sufficient and that after due proceedings the complaint of the Board of Commissioners of the Port of New Orleans be dismissed with prejudice to the said Board of Commissioners of the Port of New Orleans.
"2. That the petitioner, Board of Commissioners of the Port of New Orleans be served with a copy of the foregoing reconventional demand and that after due proceedings they be cast in judgment for the total claim of Gypsum Transportation, Limited ($63,253.51) as set forth in the reconventional demand." (Emphasis ours.)
Certainly a prayer for relief in the nature of a judgment for $63,253.51 is a far cry from simply an attempt to raise a defense to the original action.
Further as plaintiff correctly points out, as to the defenses of major-minor fault and comparative negligence, and both to blame, these adhere to the very nature of admiralty law itself, and any application of sovereign immunity which denies defendant's reconventional demand does not take away their application in the case before us.
The only effect which the dismissal of the reconventional demand has on this case is to prevent an affirmative judgment against the Board in favor of the defendant, Gypsum.
In the case of McDermott & Co. v. Dept. of Highways, State of La., 5 Cir., 267 F.2d 317, the court met the question of the applicability of sovereign immunity and the effect of the denial of an affirmative right to sue in admiralty in a Federal Court, and decided that immunity of a state from a suit in personam in admiralty brought without its consent, is quite clear. It thus refused a plaintiff the right of recovery for an admiralty tort allegedly committed by a state.
Were we to allow defendant's reconventional demand we would be granting him the possibility to realize a judgment against the state in the face of the theory of sovereign immunity, simply because of the procedural method by which he brings his affirmative demand.
It must be noted that the only question which we have before us on this appeal is the validity of the reconventional demand itself. As to the involved legal question regarding the possible limitations on the applicable admiralty defenses themselves, effected by the doctrine of sovereign immunity, these questions must be resolved by the trial court in its hearing on the merits of this case.
For the reasons hereinabove stated the judgment of the trial court in favor of plaintiff, the Board of Commissioners of the Port of New Orleans, dismissing the reconventional demand of defendant, Gypsum Transportation, Limited, based on plaintiff's peremptory exception is affirmed at defendant's cost.
Affirmed.