SAMUEL, Judge.
This is a suit for damages resulting from personal injuries. Named in the petition as defendants are: (1) Board of Commissioners of the Port of New Orleans; (2) American Insurance Company; and (3) Texas Transport Terminal Company, Inc. The Board filed exceptions of no right and no cause of action based on the contention that it is an agency of the State of Louisiana immune to suit in tort without the consent of the Legislature (LSA-Const. Art. 3, § 35) and, plaintiff having failed to obtain consent of the Legislature to sue the Board in tort, his claim, against the Board must be rejected. After a hearing, there was judgment in the trial court maintaining the exceptions and dismissing the suit against the Board. Plaintiff has appealed from that judgment.
The petition alleges: The injuries in suit were sustained when one of plaintiff's legs went through a hole in the rotted, wooden wharf area of the Third Street Wharf; at the time of the accident that wharf was owned by the Board which, together with the defendant, Texas Transport & Terminal Company, Inc., was responsible for its upkeep; and the wharf was in an unsafe condition in violation of various federal safety acts and LSA-C.C. Arts. 667, 670 and 2020. The petition does not allege plaintiff has obtained a waiver of immunity from suit and liability from the Legislature and plaintiff's counsel concedes no such waiver or legislative consent has been obtained.
The settled jurisprudence of the Supreme Court of Louisiana is that the Board of Commissioners of the Port of New Orleans is an agency of the State of Louisiana and as such is immune from suit in tort. Fouchaux v. Board of Com'rs of Port of New Orleans, 219 La. 354, 53 So. 2d 128; Miller v. Board of Commissioners of Port of New Orleans, 199 La. 1071, 7 So.2d 355 ; Lamport & Holt, Ltd. v. Board of Commissioners of Port of New Orleans, 137 La. 784, 69 So. 174.[1] Although a state may not be sued without its consent in admiralty as well as in non maritime tort [2], we note the alleged cause of action in the matter before us did not arise under the maritime law.[3]
As the cited Supreme Court of Louisiana cases are in point on the sole question involved in this appeal, and as we are re *140 quired to follow those cases, further consideration of the matter is unnecessary. Because the defendant Board enjoys immunity from suit in tort, plaintiff cannot pursue this action in the absence of a legislative waiver of such immunity.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. More recent cases handed down by this court are: Board of Com'rs of Port of New Orleans v. Gypsum Transportation, Ltd., 209 So.2d 296 (writs refused by the Supreme Court of Louisiana, with the notation "We find no error of law in the ruling", 252 La. 260, 210 So.2d 505, and by the Supreme Court of the United States, 393 U.S. 938, 89 S.Ct. 302, 21 L.Ed.2d 275) and Board of Commissioners of Port of New Orleans v. Splendour Shipping & Enterprises Co., Ltd., La.App., 255 So.2d 869, handed down this day.

. In Re State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057; J. Ray McDermott & Co. v. Dept. of Highways, State of La., 5 Cir., 267 F.2d 317.

. Plaintiff sustained his injury on a wharf and docks, wharves and piers have been held to be extensions of the land so that accidents occurring thereon do not occur over navigable water and thus are subject to State rather than to Federal law. T. Smith & Son v. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520; State Industrial Commission 0f State of New York v. Norclenholt Corporation, 259 U.S. 263, 42 S.Ot. 473, 66 L.Ec1. 933; Cleveland, P. & V.R. Co. v. Cleveland Steamship Co., 208 U.S. 316, 28 S.Ct. *140 414, 52 L.Ed. 508; O’Keeffe v. Atlantic Stevedoring Company, 5 Cir., 354 F.2d 48; Nicholson v. Calbeck, D.C., 266 F. Supp. 103; East v. Oosting, D.C., 245 F.Supp. 51.