STOULIG, Judge.
This is an appeal from a judgment sustaining an exception of sovereign immunity of the Board of Commissioners for the Port of New Orleans which resulted in a dismissal of plaintiff’s tort action.
The factual allegations set forth in the petition aver that the plaintiff, Charles Edward Clark, while in the employ of the Strachan Shipping Company, Inc., and while engaged in operating a forklift, fell in a hole in the dock area of the Seventh Street Wharf, sustaining multiple bodily injuries. The hole was allegedly due to rotted timbers in the wharf which the defendant operated and maintained on the levee, the batture, and over the navigable waters of the Mississippi River.
Apparently no legislative waiver of immunity from suit and liability was obtained, for none was tendered into evidence. The maintaining of defendant’s exception and the dismissing of plaintiff’s suit by the trial court have resulted in the filing of this appeal.
The sole issue presented for our determination is whether the Board of Commissioners of the Port of New Orleans is immune from liability in tort under the sovereign immunity of the state and therefore not amenable to suit.
This precise question has recently been considered by this Circuit in the cases of Moore v. Board of Com’rs of Port of New Orleans, 256 So.2d 138 (1971); and Board of Com’rs v. Splendour Shipping & Ent. Co., 255 So.2d 869 (1971). The court reached the conclusion in both cases that the settled jurisprudence of the Supreme Court of Louisiana, by which it is bound, holds that the Board of Commissioners of the Port of New Orleans is an agency of the State of Louisiana and, as such, is immune from suit in tort.[1]
We are in accord with the conclusion reached in the Moore and Splendour cases and are of the opinion that no point would be served by a further elaboration of the matter. Suffice it to state that absent legislative waiver of immunity from suit in tort, the plaintiff may not pursue his action against the Board of Commissioners of the Port of New Orleans.
For these reasons the judgment appealed from is affirmed. Costs of this appeal are to be borne by appellant.
Affirmed.

. Fouchaux v. Board of Com’rs of Port of New Orleans, 219 La. 354, 53 So.2d 128 (1951); Miller, Royal Indemnity Co. v. Board of Com’rs, 199 La. 1071, 7 So.2d 355 (1942); Lamport & Holt, Ltd. v. Board of Com’rs of Port of New Orleans, 137 La. 784, 69 So. 174 (1915). See also Board of Com’rs of Port of New Orleans v. Gypsum Transportation, Ltd., 209 So.2d 296 (La.App. 4th Cir. 1968) (writs refused by Louisiana Supreme Court, 252 La. 260, 210 So.2d 505 (1968) and by the Supreme Court of the United States, 393 U.S. 938, 89 S.Ct. 302, 21 L.Ed.2d 275 (1968)).