704 So.2d 848 (1997)
TURNER CORPORATION
v.
The PARISH SCHOOL BOARD OF the PARISH OF ST. CHARLES, et al.
No. 97-CA-676.
Court of Appeal of Louisiana, Fifth Circuit.
December 10, 1997.
*849 David L. Dawson, Jr., Baton Rouge, for Appellant Turner Corporation.
Carol E. Parker, Ponchatoula, for Appellee The Parish School Board of the Parish of St. Charles, et al.
Before GAUDIN, GRISBAUM and CANNELLA, JJ.
CANNELLA, Judge.
Plaintiff, Turner Corporation, appeals from a summary judgment in favor of defendant, the St. Charles Parish School Board Sales Tax Collector (St. Charles Parish), dismissing Turner Corporation's claim for the return of money paid to the taxing authority under protest. For the following reasons, we affirm.
The facts giving rise to this action are not in dispute. Turner Corporation was engaged in business activities in the parish of St. Charles from January 1, 1993 through December 31, 1995. As a result of that business activity, Turner Corporation incurred a sales and use tax obligation to St. Charles Parish. Turner Corporation paid a total of $71,670.25 in sales tax and $9,400. in use tax to St. Charles Parish for that time period. Thereafter, an audit was conducted and it was discovered that there were two invoices which had been marked with accrued use tax totaling $8,008.34, but which had inadvertently not been paid. Turner Corporation thereupon tendered a check dated April 9, 1996 to St. Charles Parish in the amount of $9,764.06 to cover the principal and interest on the unpaid use tax that was due. While St. Charles Parish contends in brief that Turner Corporation's check was prompted by an initial assessment dated March 4, 1996, there is nothing in the record to support this allegation. Rather, it appears from the record that following the audit, Turner Corporation tendered a check for principal and interest which St. Charles Parish rejected. On June 27, 1996, St. Charles Parish issued an assessment for principal, interest, late penalties, negligence penalties and the cost of an audit, totaling $13,437,71. On July 11, 1996, St. Charles Parish returned Turner Corporation's check for $9,764.06. Turner Corporation thereafter tendered another check under protest for $13,437.71.
Turner Corporation filed suit seeking the return of the late penalty, negligence penalty, cost of the audit and some additional interest. St. Charles Parish filed an answer and reconventional demand, requesting an additional 10% in attorney fees. Both parties filed motions for summary judgment.[1] A hearing was held on April 4, 1997 after which the trial court rendered judgment in favor of St. Charles Parish, denying Turner Corporation's motion for summary judgment, granting St. Charles Parish's, motion for summary judgment and dismissing Turner Corporation's case. It is from this judgment that Turner Corporation suspensively appealed.
On appeal, Turner Corporation argues that the tax omission was made in good faith and that, therefore, the penalties and costs of audit should not be imposed. Turner Corporation points out that the omitted taxes were less than 10% of their total sales and use tax debt of $81070.26. They presented *850 affidavits and exhibits evidencing the procedures implemented to insure the proper payment of taxes and, further, that the reason the proper taxes were not paid was due to clerical oversight or error.
St. Charles Parish takes a contrary position and argues that the non-payment of taxes owed, even though through clerical error, is sufficient grounds for assessing the penalties and audit costs. St. Charles Parish points out that the omitted use taxes, totaling $8008.84, was 46% of Turner Corporations' total use tax due to St. Charles Parish. Thus, St. Charles Parish argues that the clerical error, whether in good faith or not, resulted in the non-payment of almost one-half of the use taxes owed, and is not an exception to the taxing authority's right to assess penalties and audit costs for having to uncover unpaid taxes.
Turner Corporation acknowledges that the taxing ordinances, rules and regulations promulgated by St. Charles Parish applicable to this litigation can be found in Sections 9.02, 9.03 and 9.04 of the parish ordinances. Those ordinances provide in pertinent part as follows:
Section 9.02. Failure to pay any tax due as provided in this ordinance, shall ipso facto, without demand or putting in default, cause said tax, interest, penalties, and costs to become immediately delinquent,....
Section 9.03. If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following, the month for which the tax is due, there shall be collected, with said tax, interest upon said unpaid amount, at the rate of six per cent (6%) per annum ... until it is paid; and in addition to the interest that may be so due there shall also be collected a penalty equivalent to five per cent (5%)....
Section 9.04. In the event any dealer fails to make a report and pay the tax as provided by this ordinance, or in case the dealer makes a grossly incorrect report, or a report that is false or fraudulent, it shall be the duty of the Collector to make an estimate for the taxable period ... and assess and collect the tax and interest, plus penalty, if such have accrued, on the basis of such assessment, which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer. In the event such estimate and assessment requires an examination of books, records, or documents, or an audit thereof, then the Collector shall add to the assessment the cost of such examination, together with any penalties accruing thereon.
After reviewing the applicable ordinances which were relied on by Turner Corporation, we find no exception to the penalty provisions for good faith clerical errors. When the taxpayer fails to pay the taxes due or makes a grossly incorrect report, penalties and costs of a necessary audit may be assessed by the tax collector against the taxpayer. Whether good faith error or not, in failing to report or pay the taxes due, the tax collector was required to expend time and money in auditing the taxpayer and discovering the shortage. As provided by law, the defaulting taxpayer, whether in good faith or not, must bear the burden of those expenses.
Turner Corporation relies on two cases in support of its argument that there should be a good faith exception to the imposition of penalties, BP Oil Company v. Plaquemines Parish Government, 93-1109 (La.9/6/94), 651 So.2d 1322, amended in part on rehearing, 93-1109 (La.1/27/95), 651 So.2d 1336 and St. Pierre's Fabrication & Welding, Inc. v. McNamara, 495 So.2d 1295 (La.1986). We find that neither of these cases supports Turner Corporation's position under the facts of this case.
In BP Oil, the tax due was uncertain, if any tax was due, because of a litigated question concerning whether certain petroleum by-products were subject to use tax at all. In St. Pierre, a taxing authority representative had erroneously informed the taxpayer that taxes were not due. There are no comparable factors here. There was no question that the taxes in dispute were absolutely due. Rather, through an employee error, albeit in good faith, Turner Corporation simply underreported and underpaid the use taxes that were due.
*851 Therefore, we find no error in the trial court ruling that there are no material issues of fact and that St. Charles Parish is entitled to judgment as a matter of law. Accordingly, the summary judgment rendered in favor of St. Charles Parish, dismissing Turner Corporation's case, is affirmed. Costs of appeal are assessed to Turner Corporation.
AFFIRMED.
NOTES
[1] Turner Corporation also filed an exception of no cause of action and motion for judgment on the pleading, both of which were denied in the same judgment which granted St. Charles Parish's motion for summary judgment.