833 So.2d 1070 (2002)
ANTHONY CRANE RENTAL, L.P.
v.
Rufus FRUGE, Jr., Director of Calcasieu Parish Sales & Use Tax Dept.
No. 02-0635.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
David Robert Kelly, David Rollins Cassidy, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, LA, for Plaintiff/Appellant/Appellee, Anthony Crane Rental, L.P.
*1071 Russell Joseph Stutes, Jr., Toni Lewis Petrofes Scofield, Gerard, Veron, Singletary & Pohorelsky, Lake Charles, LA, for Defendants/Appellees/Appellants, Calcasieu Parish School System, Rufus Fruge, Jr.
Court composed of NED E. DOUCET, JR., Chief Judge, MICHAEL G. SULLIVAN and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
In this case, the plaintiff, Anthony Crane Rental, L.P.(ACR), appeals the judgment of the trial court denying its motion for summary judgment and granting the motion for summary judgment in favor of the defendant, Rufus Fruge, Jr, Director of Calcasieu Parish Sales and Use Tax Department (Department). For the following reasons, we affirm in part, reverse in part, and remand with instructions.

FACTUAL AND PROCEDURAL BACKGROUND
ACR, a Pennsylvania limited partnership, operates a crane rental business. It has an office in Westlake, Louisiana, in Calcasieu Parish, through which it leases cranes to companies in the state, that it has purchased outside of Louisiana.
ACR was audited by the Calcasieu Parish School System Sales and Use Tax Department for the period covering January 1, 1995 through June 30, 1998, and was assessed sales and use taxes for the cranes.[1] ACR protested the assessment, but it was denied. ACR paid, under protest, the Department's final assessment of February 25, 2000, but filed a Petition for Refund to recover the amounts, essentially arguing that the cranes were excluded from taxation, that certain statutes relating to taxation were unconstitutional, that if it were liable for the taxes the Department failed to apply a mandated credit, and that the interest charged by the Department was excessive.[2] The Department answered and requested attorney's fees as provided by law. Cross motions for summary judgment were filed by both parties.
After a hearing in April 2001, the trial court denied ACR's motion for summary judgment and granted the Department's motion for summary judgment ordering that ACR pay taxes, penalties, interest, and attorney's fees of 10% up to a maximum of $60,000.
ACR filed a Motion for New Trial, which was granted only on the issue of attorneys' fees, interest, and penalties. The trial court ruled that the combined interest and penalties charged by the Department could not exceed 15%, citing Elevating Boats v. St. Bernard Parish, 00-3518 (La.9/5/01), 795 So.2d 1153. Thus, it ordered a refund of $176,956.02, plus interest, to ACR. With regard to the other issues, the motion for new trial was denied. ACR appeals the trial court's denial of its motion for summary judgment and motion for new trial. The Department appeals that portion of ACR's motion for new trial which was granted by the trial court reducing the penalty percentage owed by ACR.

ASSIGNMENTS OF ERROR
ACR assigns as error:

*1072 1. The trial court's finding that its cranes were subject to tax, and
2. Alternatively, the trial court's finding that it was not entitled to any tax credits.
The Department assigns as error:
1. The trial court's failure to award it penalties.

SUMMARY JUDGMENT
On appeal, summary judgments are reviewed de novo. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. Id. This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that it will be able to meet its evidentiary burden at trial, no genuine issues of material fact exist. Id. Material facts are those that determine the outcome of the legal dispute. Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, writ denied, 97-2737 (La.1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. Id. Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

UNIFORMITY
ACR's argument that the cranes were not subject to tax rests on the provisions found in La.R.S. 47:301(10)(a)(iii) and (18)(a)(iii). It argues that the limitation of exclusion of taxes at the state level provided for in that statute is unconstitutional under La. Const. art. VI, § 29(D) because § 29 requires uniformity in the application of legislative exemptions and exclusions from sales and use taxes, whether levied by state or local governments or by school boards. Thus, ACR argues that a local political body has to apply the exclusion that the legislature has enacted for the state.
The local ordinances under which ACR was taxed are found in the Calcasieu Parish School Board Sales Tax District No. Two Sales & Use Tax Ordinance of 1992, which was adopted by the School Board on November 17, 1991, and read in pertinent part:
Section 2.01. (A) That there is hereby levied, from and after January 1, 1993... a tax upon the sale at retail, the use... of each item or article of tangible personal property.... The levy of said tax to be as follows:
. . . .
(2) At the rate of one-half of one percent (½%) of he cost price of each item or article of tangible personal property when the same is not sold, but is used, consumed, distributed or stored for use or consumption in the District, provided there shall be no duplication of the tax.
For the period beginning January 1991, La.R.S. 47:301(10)(a)(iii) excluded property purchased for lease from state sales tax.[3] ACR argues that the school board ordinance *1073 is unenforceable because the Louisiana Constitution required that the state exemption be applied uniformly to all local taxing bodies. La. Const. art. VI, § 29 authorizes local governments and school boards to assess a sales and use tax. Prior to December 11, 1996, it read (emphasis added):
(A) Sales Tax Authorized. Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose. The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.
(B) Additional Sales Tax Authorized. However, the legislature, by general or by local or special law, may authorize the imposition of additional sales and use taxes by local governmental subdivisions or school boards, if approved by a majority of the electors voting thereon in an election held for that purpose.
(C) Bonds; Security. Nothing in this Section shall affect any sales or use tax authorized or imposed on the effective date of this constitution or affect or impair the security of any bonds payable from the proceeds of the tax.
(D) Exemptions; Protection of Bonds. Except when bonds secured thereby have been authorized, the legislature by law may uniformly exempt or exclude any goods, tangible personal property, or services from sales or use taxes levied by local governmental subdivision, school boards, and the state.
La. Const. art. VI, § 29 was subsequently amended by Acts 1996, No. 46, § 1, approved Nov. 5, 1996, effective Dec. 11, 1996, and changed only subpart (D), which states (emphasis added):
(D) Exemptions; Protection of Bonds. Except when bonds secured thereby have been authorized, the legislature may provide for the exemption or exclusion of any goods, tangible personal property, or services from sales or use taxes only pursuant to one of the following:
(1) Exemptions or exclusions uniformly applicable to the taxes of all local governmental subdivisions, school boards, and other political subdivisions whose boundaries are not coterminous with those of the state.
(2) Exemptions or exclusions applicable to the taxes of the state or applicable to political subdivisions whose boundaries are coterminous with those of the state, or both.
(3) Exemptions or exclusions uniformly applicable to the taxes of all the tax authorities in the state.
In addressing the issue of whether the legislature's limitation of the tax exclusion to the state was unconstitutional under La. Const. art. VI, § 29, we must first set forth the heavy burden that ACR bears in proving that a legislative act is unconstitutional. In Board of Directors of the Louisiana Recovery District v. All Taxpayers, Property Owners, and the Citizens of the *1074 State of Louisiana, 529 So.2d 384, 387-88 (La.1988) (citations omitted), the supreme court stated:
[T]here is a strong presumption that the Legislature in adopting a statute has acted within its constitutional powers. The presumption is especially forceful in the case of statutes enacted to promote a public purpose, such as statutes relating to taxation and public finance. The party attacking such a statute has the burden of showing clearly that the legislation is invalid or unconstitutional, and any doubt as to the legislation's constitutionality must be resolved in its favor.... [I]t is not enough to show that the constitutionality is fairly debatable, but, rather it must be shown clearly and convincingly that it was the constitutional aim to deny the Legislature the power to enact the statute.
After thoroughly reviewing the statutes, legislative history, and jurisprudence, particularly BP Oil Co. v. Plaquemines Parish Government, 93-1109 (La.9/5/94), 651 So.2d 1322, we find that La.R.S. 47:301(10)(a)(iii), (18)(a)(iii), and 47:310, which only provided for a state exclusion from taxation, were not unconstitutional under La. Const. art. VI, § 29.
In BP Oil, a case relied upon heavily by both parties, BP was assessed a use tax by the Plaquemines Parish government pursuant to a statute similar to the one in this case. One of the issues in BP Oil revolved around the application of a legislative suspension to tax exemptions. The legislature suspended a portion of various state sales and use tax exemptions. BP argued that the suspension of exemptions only applied at the state level and not to local governments. The trial court, relying on La. Const. art. VI, § 29, held that the suspension must apply uniformly to state and local governments, and the school board. The supreme court agreed, but remanded the case for a determination based on the various types of suspensions that were applicable at various times.
However, on rehearing, the supreme court stated:
Although La. Const. Art. VI § 29(D) grants the Legislature the discretion to exempt or exclude goods, property and services from sales and use taxes, there appears to be some requirement of uniformity in enacting the exemptions or exclusions. We have concluded, however, that we need not decide in this case the meaning of the scope of any uniformity requirement for exemptions or exclusions in Section 29(D), because the present case involves only the suspension of a law enacted by the Legislature.
Id. at 1337 (emphasis added).
Thus, the supreme court found any uniformity requirements of § 29 were inapplicable as the legislature was not enacting exemptions or exclusions. Because the supreme court declined to decide the extent of uniformity required by the constitution, we must undertake to do it ourselves. We find, based on the language of the statute itself, the supreme court's ruling, and the subsequent amendment to the article, that the legislature did not intend an all-or-nothing requirement that any exemptions or exclusions apply across the board to the state and every taxing authority in it, but rather, as was urged by BP and now, the Department in its brief, that the requirement means uniformity within each particular type of taxing authority. Thus, the legislature could not exclude one particular parish from imposing a use tax while allowing all the others to do so. However, it could impose, for example, an exemption or exclusion for all parish governments, but not the school board; or for the state, but not parish governments or the school board.
*1075 While the pre-1996 version of Article VI, § 29(D) did not specify this method; the legislature clarified its intention in its revision. We interpret § 29(D)(1)(2) and (3) as specifically allowing the exemptions in the manner aforementioned and find that the legislative intent was the same prior to the revision.
We are further supported in this finding by the legislature's amendment of La.R.S. 33:2716.1(B), some four years following the enactment of the 1974 constitution. It states (emphasis added):

No exemption from the state sales and use tax granted subsequent to the effective date of this Act and granted pursuant to the provisions of Chapters 2 or 2-A of Title 47 of the Louisiana Revised Statutes of 1950 shall be applicable to any sales and use tax levied by any local governmental subdivision or school board unless the state exemption specifically provides that it applies to such sales and use tax levies. In the absence of any such specific application of the state exemption to sales and use tax levies of any local government subdivision or school board, any state exemption granted after the effective date of this Act and granted pursuant to the provisions of Chapters 2 or 2-A of Title 47 of the Louisiana Revised Statutes of 1950 shall be applicable only to the levy and collection of the state sales and use tax.
Based on this review, we find that La. R.S. 47:301(10)(a)(iii) and 18(a)(iii) were constitutional. Thus, we find that the Department properly assessed ACR with its local use tax, and find no error in the trial court's grant of summary judgment in favor of the Department as there is no genuine issue of material fact that ACR was subject to the local ordinance imposing the use tax.
In its brief, ACR urges that the authorization to issue bonds was not shown at trial. La. Const. art. VI, § 29(D) excepts secured bonds which have been authorized from the legislature's exemption or exclusion from sales and use tax. Whether or not bonds have been issued in this case is of no moment because we have found that uniformity was not required.

CREDIT UNDER LA. R.S. 33:2718.2
ACR argues that, if it is liable for taxes, then it is entitled to a credit under La.R.S. 2718.2(C)(2).[4] La.R.S. 33:2718.2 states (emphasis added):
A. A credit against the sales and use tax imposed by any political subdivision of the state shall be granted to a taxpayer who paid monies, whether or not paid in error, absent bad faith, based upon a similar tax, levy, or assessment upon the same tangible personal property in a political subdivision of another state, or a political subdivision of this state. The credit granted herein shall only be applicable when a similar taxing authority is seeking to impose and collect a similar tax, levy or assessment from a taxpayer upon the same tangible personal property for which the taxpayer has paid a similar tax, levy or assessment to a similar taxing authority.
. . .
C. (1) The proof of payment to a political subdivision of another state or a political subdivision of this state shall be made in accordance with the rules adopted by the secretary of the Department of Revenue under *1076 R.S. 47:303(A). Except as provided in Paragraph (2) of this Subsection, in no event shall the credit be greater than the tax imposed by the political subdivision upon the particular tangible personal property that is subject of the sales and use tax.
(2) The credit granted for taxes in any political subdivision in a parish in which no local sales and use tax is levied and imposed shall be the amount of taxes that would have been collected by the political subdivision at the tax rate imputed to that political subdivision. The imputed tax rate shall be the lowest tax levied and imposed by a similar taxing authority in this state as determined by the Department of Revenue.
The trial court, in its judgment, found that ACR was not entitled to a credit because it produced no evidence that the cranes were "transported to Calcasieu Parish from Cameron Parish or any other political subdivision which does not levy and impose a sales and/use tax." Thus, the trial court found that ACR could not support its burden of proving that it had paid the tax elsewhere or transported the cranes form a non-taxing parish.
ACR's only evidence pertaining to whether or not it had previously paid any sales or use tax was an affidavit by David W. Mahokey, Chief Operating Officer of ACR Management, L.L.C., in which he certified that:
. . . .
4. All of the Owned Equipment was purchased by ACRLP in various states outside of Louisiana. None of the Owned Equipment was purchased by ACRLP in Louisiana.
5. ACRLP did not pay sales (or use) tax to any state or local taxing authority on the initial purchase of the Owned Equipment.
6. The Owned Equipment was transported by ACRLP to Louisiana after its initial purchase out of state.
Thus, according to its own admissions, ACR has never paid any sales or use taxes pertaining to the cranes it leases to any jurisdiction whatsoever, and more importantly, the cranes were purchased outside of Louisiana. At the hearing on the motions, the Department claimed that La.R.S. 33:2718.2(C)(2) applied only to something transported from a parish within Louisiana without a tax,[5] therefore, the provision was inapplicable to ACR because its cranes were brought in from out-of-state and not from a parish within Louisiana.
ACR argues that they should be allowed the credit because otherwise they are being discriminated against because the Commerce Clause of the U.S. Constitution applies. We disagree and find that La.R.S. 33:2718.2(C) does not apply in these circumstances. In our opinion, the only time La.R.S. 33:2718(2)(C)(2) would apply to an out-of-state purchase is when the purchase was made in a county that did not levy or impose local sales or use taxes. When such proof is adduced, pursuant to the Commerce Clause, the out-of-state purchase is treated in the same manner as an in-state purchase and the imputed sales tax applies. However, in this case, the trial court found that
[P]laintiff has entered no support for the claim that the `cranes' in question were transported to Calcasieu Parish from Cameron Parish or any other political subdivision which does not levy or impose a sales and/or use tax. Plaintiff cannot support a claim that said (sic) it *1077 is entitled to a credit for sales or use tax.
We agree with the trial court. The standard is not whether the taxpayer paid a sales or use tax, but whether the taxing authority where the goods were purchased taxed the sale or use of those goods. Further, because we find that La. R.S. 33: 2718(C)(2) is inapplicable to the facts of the particular case, we need not address whether it is constitutionally infirm. If ACR paid sales and use taxes or were exempt from paying such taxes in another jurisdiction outside of Louisiana, it had the opportunity to claim and prove a credit under La.R.S. 33:2718.2(A)(B) and (C)(1). This assignment is without merit.

PENALTIES
ACR was originally assessed interest at the rate of 15% per annum, penalties in the amount of 25% of the outstanding tax, and attorney's fees[6] under Calcasieu Parish School Board Sales Tax Ordinance section 6.09, which states:
DELINQUENT INTEREST AND PENALTIES. If the amount of tax due by the dealer is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due, there shall be collected with said tax, interest upon said unpaid amount at the rate of one and one-quarter (1¼%) percent per month, or fractional part thereof. In addition, there shall be collected a penalty equivalent to five (5%) percent per month, or fraction thereof, not to exceed twenty-five (25%) in aggregate, of the tax due, when such tax is not paid on or before the twentieth (20th) day of the month next following the month for which the tax is due. Both interest and penalty will be computed from the first day of the month next following the month for which the tax is due. In the event of suit, attorney's fees will be charged the dealer at the rate of ten (10%) percent of the aggregate of tax, interest and penalty. All interest and penalties due for subsequent months will be assessed and due as of the first day of each succeeding month. The District Attorney is authorized to employ private counsel to assist in the collection of any sales and use taxes, penalties or interest due under this Ordinance, or to represent him in any proceeding under this Ordinance.
However, following a hearing on the motion for new trial, the trial court, pursuant to Elevating Boats, 795 So.2d 1153, abated the 25% penalty and ordered that ACR be refunded $176,956.02, plus interest. Thus, the trial court reserved that portion of the original judgment awarding 15% in interest and 10% in attorney's fees.[7] In Elevating Boats, the supreme court addressed the conflict between St. Bernard Parish's local ordinance imposing a 25% penalty and La.R.S. 33:2746, which provides for a penalty for the nonpayment of tax. La. R.S. 33:2746 states (emphasis added):
Upon local taxes not paid and delinquent thirty days after the date upon which the tax is due, there shall be an interest penalty of one and one-quarter percent per month on the amount of the tax due, which shall be collected by the tax recipient body, together with and in the same manner as the tax.
In Elevating Boats, 795 So.2d at 1173-74 (emphasis added), the supreme court held:

*1078 We find that the Parish's combined interest, penalty, and attorney fees cannot exceed the 15% interest penalties permitted by La.Rev.Stat. § 33:2746. Just as the parish ordinance cannot be less beneficial to the taxpayer than a state statute regarding refunds, it similarly cannot be more burdensome regarding delinquencies. In this case, the Parish ordinance permits a 6% per annum interest charge, a 25% maximum delinquency penalty geared to the length of delay, and a 10% attorney fee in the event of a lawsuit. The state statute, on the other hand, permits only a 15% annual "interest penalty" (1¼% per month). We find that the Parish ordinance's increased burden on the taxpayer is impermissible and that the state statute's 15% interest penalty sets the maximum allowable burden for delinquent taxes. Therefore, Elevating Boats is responsible for no more than the 15% interest penalty permitted by La.Rev.Stat. § 33:2746.
Thus, if the trial court had strictly followed the holding in Elevating Boats, it would also have to abate the attorney's fee award to bring the combined interest, attorney fees, and penalty award to 15%. There appears to be some conflict regarding the breadth of the supreme court's holding in Elevating Boats. The Department argues that the supreme court "misinterprets LSA-R.S. 33:2746." Subsequent jurisprudence and a review of other applicable statutes may support that position.
In the recent case of Stowe-Woodward Co. v. Lincoln Parish School Board, 36,100 (La.App. 2 Cir. 6/14/02), 821 So.2d 694, the second circuit addressed similar issues surrounding penalties and attorney's fees. First, it held that the trial court did not err in not assessing the plaintiff a penalty fee. It further held that there was no error in the trial court's affirmation of the defendant school board's assessment of interest and attorney's fees, which exceeded 15%. The second circuit pointed out that La.R.S. 47:1512 authorizes the imposition of attorney's fees "in the amount of ten per centum (10%) of the taxes, penalties and interest due."[8] Accordingly, the second circuit stated (emphasis added): "This provision was not addressed by the court in Elevating Boats, but clearly it provides for the award of attorney fees in addition to the interest penalty set forth in La.R.S. 33:2746, which makes no mention of attorney fees." Stowe-Woodward, 821 So.2d at 703. We agree with the second circuit's holding that the supreme court's decision failed to address La.R.S. 47:1512, which clearly authorizes the imposition of attorney's fees on the taxes, penalty, and interest due. Such a pronouncement leads to the conclusion that the legislature intended to allow attorney's fees to be assessed after the penalty and interest is assessed, and therefore, attorney's fees would be in addition to penalty and interest.
Nevertheless, we must still address whether the combined interest and penalties must be limited to 15%. Prior to its holding in Elevating Boats, the supreme court either affirmed or denied writs in several cases where the combined penalties and interest due exceeded 15%.[9] It *1079 did not mention these cases, or specifically overrule its previous holdings in Elevating Boats. Hence, the Department argues that La.R.S. 33:2746 applies only to interest rates and not to penalties or attorney fees.
In Clavier v. Lay Down Service, Inc., 00-701, pp. 5-6 (La.App. 3 Cir. 12/20/00) 776 So.2d 634, 638, writ denied, 01-880 (La.5/25/01), 793 So.2d 203, we said:
Although we agree with the trial court that the legislature's intent in 1989 was to overrule Berry [v. Holston Well Service, Inc., 488 So.2d 934 (1986)] and revert back to the integral relation test as propounded by Thibodaux [v. Sun Oil Co.], 218 La. 453, 49 So.2d 852 [(1950)], we feel constrained to follow the supreme court's decision in Kirkland [v. Riverwood International USA, Inc., 681 So.2d 329 (1996)] . As a court of appeal, we are bound to follow the decisions of our supreme court. PPG Indus., Inc. v. Bean Dredging Corp., 419 So.2d 23 (La.App. 3 Cir.), writ granted, 422 So.2d 151 (La.1982), affirmed, 447 So.2d 1058 (La.1984). "In our judicial system the Court of Appeal, in its relation to the Supreme Court, occupies the status of an inferior court, therefore, we do not enjoy the prerogative individually or collectively of either criticizing or reversing a decision of that court, even if it should be obviously erroneous." Fouchaux v. Board of Comm'rs of Port of New Orleans, 65 So.2d 430, 432 (La.App.Orleans 1953). Since we are without authority to overrule the supreme court's decision in Kirkland, we are bound to reverse the trial court's judgment granting summary judgment and reconsider the motion in light of that decision.
While we may agree that the legislative intent was not to include attorney's fees or penalties under the statute, as in Clavier, we are constrained to follow the pronouncements of the supreme court and the clear language it used in its interpretation of La.R.S. 33:2746.
Accordingly, we must reverse the trial court's judgment regarding the imposition of attorney's fees since the amount awarded would cause the combined interest, penalty, and attorney's fees to exceed the 15% penalty permitted by La.R.S. 33:2746. As in Elevating Boats, we remand to the trial court for a determination of the exact amount owed.

CONCLUSION
The summary judgment granted in favor of the defendant, Rufus Fruge, Jr., Director of Calcasieu Parish Sales and Use Tax Department, finding that the plaintiff, Anthony Crane Rental, L.P., was subject to its sales and use tax and was not entitled to a credit is affirmed. Judgment is reversed regarding penalties, with a combined interest, penalty, and attorney's fee award not to exceed 15%. This case is remanded for a determination of that amount. Costs of this appeal are assessed equally between the plaintiff and defendant.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NOTES
[1] ACR was assessed $1,221,239.69 consisting of use taxes totaling $707,823.90, penalties totaling $176,956.02, and interest totaling $336,459.69.
[2] Note that the attorney general was put on notice of ACR's constitutional challenge, but declined to participate.
[3] Subsequent amendments, effective July 1, 1999, excluded property purchased for lease from taxation by local political subdivisions.
[4] See also La.R.S. 47:303(A)(3), which grants a credit for sales and use taxes paid in other states.
[5] Cameron Parish is the only parish in Louisiana that does not assess a sales and use tax.
[6] The amount awarded for attorneys' fees is not in dispute.
[7] Although the trial court completely abated the penalty and reserved the interest award, we read its actions, based upon Elevating Boats, as awarding penalties and interest in the amount of 15%.
[8] La.R.S. 47:1512 states: The collector is authorized to employ private counsel to assist in the collection of any taxes, penalties or interest due under this Sub-title, or to represent him in any proceeding under this Sub-title. If any taxes, penalties or interest due under this title are referred to an attorney at law for collection, an additional charge for attorney fees, in the amount of ten percentum (10%) of the taxes, penalties and interest due, shall be paid by the tax debtor.
[9] See St. John the Baptist Parish Sch. Bd. v. Marbury-Patillo Const.Co., 259 La. 1133, 254 So.2d 607 (1971); Lake Charles Mem'l Hosp. v. Parish of Calcasieu, 98-519 (La.App. 3 Cir. 12/9/98), 728 So.2d 454, writ denied, 99-0071 (La.3/12/99), 739 So.2d 213; Turner Corp. v. Parish Sch. Bd. of the Parish of St. Charles, 97-676 (La.App. 5 Cir. 12/10/97), 704 So.2d 848, writ denied, 98-0086 (La.3/13/98), 713 So.2d 470.